FILED
2005 Jan-27  PM 12:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit

# "A"

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

**H.W."BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges


RELEASED
MAR 1 4 2003
CLERK
ALA. COURT CRIMINAL APPEALS

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-01-2524                    Chilton Circuit Court CC-97-239.60

James Wilbert Walker, Jr. v. State of Alabama

SHAW, Judge.

James Wilbert Walker, Jr. appeals the circuit court's denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1999 convictions for rape in the second degree and sodomy in the first degree. Walker was sentenced to 15 years' imprisonment for each conviction, to run concurrently. This Court affirmed his convictions and sentences on direct appeal in an unpublished memorandum issued on April 20, 2001. See Walker v. State, (CR-99-1730) ___ So. 2d ___ (Ala. Crim. App. 2001)(table). The Alabama Supreme Court denied certiorari review and a certificate of judgment was issued on August 31, 2001.

Walker filed the present petition on January 23, 2002. In his petition, Walker alleged that the State suppressed exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and that his trial counsel was ineffective. After receiving a response from the State, the circuit court

held an evidentiary hearing on the petition on June 27, 2002. The circuit denied the petition on September 3, 2002.

Initially, we note that Walker does not pursue his ineffective-assistance-of-trial-counsel claim on appeal. Therefore, that claim is deemed abandoned. See, e.g., Brownlee v. State, 666 So. 2d 91, 93 (Ala. Crim. App. 1995)("We will not review issues not listed and argued in brief.").

As for the Brady claim, Walker argues that the State improperly suppressed the fact that the victim had recanted her allegations of rape and sodomy to several people before the trial, including her attorney, her then-boyfriend, her younger sister, her counselor at a group home where she was placed after being removed from her parents' custody, investigators with the Department of Human Resources, and the district attorney prosecuting the case. In his brief, Walker concedes that his trial counsel, in fact, knew about the recantations before the trial; he argues that "[w]hile it may be true that prior counsel for Walker was fortunate enough to discover on his own that [the victim] had recanted her story to other individuals, such fortune does not eliminate the taint of the actions of the State." (Walker's appellate brief at p. 19.) However, contrary to Walker's contention, "[t]here can be no suppression by the State of evidence already known by and available to the defendant prior to trial." Carr v. State, 505 So. 2d 1294, 1297 (Ala. Crim. App. 1987). In addition to Walker's concession on appeal, at the Rule 32 hearing, Walker's trial counsel testified that he knew that the victim had recanted her allegations to various people before trial, that he could not recall whether the district attorney had informed him that the victim had recanted to the district attorney personally, but that he had discussed the other recantations with the district attorney before trial. The record of Walker's direct appeal reflects that the victim testified, on direct examination by the district attorney, that she had told several people, including her "counselors ... the DA, the Judge, [and] lawyers" that her initial allegations against her father were not true, and that Walker's trial counsel vigorously cross-examined her about those recantations. (Record on Direct Appeal, 31.) Because Walker clearly knew about the recantations, there was no suppression and, thus, no Brady violation. Moreover, with

2