FILED
2005 Feb-22 PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WILBERT WALKER, JR.   ) | |
| ) | |
| PETITIONER,   ) | |
| ) | |
| VS.   ) | CIVIL ACTION NO. |
| ) | 05-BE-0150-S |
| ) | |
| BILLY MITCHEM, Warden;   ) | |
| THE ATTORNEY GENERAL OF   ) | |
| THE STATE OF ALABAMA,   ) | |
| ) | |
| RESPONDENTS.   ) | |

## ANSWER

Come now the Respondents in the above styled cause by and through the Attorney General of the State of Alabama and in response to this Court's order of February 1, 2001, to show cause why Walker's §2254 petition should not be granted, makes the following response.

1.  Walker is presently incarcerated in the Limestone Correctional Facility pursuant to valid convictions for two counts of rape in the second degree and one count of sodomy in the second degree.

2.  Walker's claim that his conviction was obtained by the unconstitutional failure to the prosecution to disclose to the defendant evidence

favorable to the defendant is barred by the statute of limitation set forth in §2244(d)(1).

3. Based on the contents of this answer, Walker's petition is due to be denied and dismissed with prejudice.

4. By asserting the defense of statute of limitations, Respondents do not waive future applicable defenses of lack of exhaustion, failure to state a federal claim, procedural default, and lack of merit.

## PROCEDURAL HISTORY

The appellant, James Wilbert Walker, Jr, was indicted at the August, 1997, Term of the Grand Jury of Chilton County, Alabama, for two counts each of rape in the second degree, sodomy in the second degree, and incest. (Exhibit A, pp. 48-50)

On September 9, 1997, Walker, attended by his attorney, Mr. David B. Karn, Esq, was arraigned on the indictment and pleaded not guilty. (Exhibit A, p. 2) On November 1, 1999, Walker waived trial by jury. (Exhibit A, p. 3)

On December 13, 1999, the cause came on for trial before the Honorable Sibley Reynolds, a Circuit Judge. (Exhibit A, pg. 3) It was undisputed that the victim, J.R.W, had repeatedly reported sexual abuse by Walker and then recanted the reports, and then recanted the recantations. (Exhibit A, pp. R-20-58)

On hearing the evidence and argument of counsel, Judge Reynolds found Walker guilty of two counts of rape in the second degree, two counts of sodomy in the second degree, as charged in the indictment. (Exhibit A, pp. 3, 5; R-180-181) On April 5, 2000, Walker, was sentenced to fifteen years imprisonment for each of his four convictions, to be served concurrently. (Exhibit A, pp. 5-7; R-182-189.)

In his direct appeal, Walker raised the following claims:

(1) That the trial judge allegedly erred in allowing the defense to cross-examine the victim at length about a letter she wrote to a boyfriend, Mark Duke (Hereinafter referred to as "the Duke letter".), but disallowing the actual introduction of the letter. Additionally, that there was an alleged violation of the rule of Brady v. Maryland, 373 U.S. 83 (1963), because the Duke letter was not disclosed to the defense until six weeks before trial.

(2) That there was alleged impropriety under the Alabama Rules of Criminal Procedure in Walker's waiver of trial by jury.

(3) That there was alleged ineffective assistance of trial counsel in that Walker's trial attorney could have done more investigation and introduced more evidence of recantations to impeach the victim, J.R.W.

(Exhibit C) On December 20, 2001, the State filed its brief in response to Walker's appeal. (Exhibit B) On April 20, 2001, the Alabama Court of Criminal Appeals Walker's convictions and sentence with an unpublished memorandum opinion. (Exhibit C) On August 31, 2001, the Alabama Supreme Court denied Walker's petition for writ of certiorari and that Alabama Court of Criminal Appeals issued a certificate of judgment. (Exhibits D; E)

3

On January 23, 2002, Mr. William R. Hill, Esq, appeared for Walker and filed a petition for post-conviction relief under Rule 32, A.R.Cr.P. (Exhibit F, pp. 3-10) Walker raised the following:

> (1) That the prosecution had allegedly failed to inform the defense about an instance in juvenile court, where the victim, J.R.W, had recanted her claim of sexual abuse at the hands of Walker but, when advised that she could be prosecuted for perjury recanted her recantation. This was said to be a violation of the rule of <u>Brady v. Maryland</u>, 373 U.S. 83(1963.)
>
> (2) Ineffective assistance of counsel based on the proposition that Walker's trial attorney could have done more investigation and introduced more evidence of recantations to impeach the victim, J.R.W.

(Exhibit F, p. 10)

On June 24, 2002, the State moved to dismiss the petition on the grounds that both of the claims presented were precluded under Rule 32.2(a)(2) & (4), A.R.Cr.P. (Exhibit F) On September 2, 2002, Judge Reynolds issued an order setting out the evidence and granting the State's motion to dismiss. (Exhibit F, p. 21)

On January 10, 2003, Walker filed an appeal of the trial court's dismissal of his petition in the Alabama Court of Criminal Appeals. (Exhibit G) On January 30, 2003, the State filed its brief in response to Walker's appeal. (Exhibit H) On March 14, 2003, the Alabama Court of Criminal Appeals filed a memorandum opinion affirming the trial court's dismissal of Walker's petition. (Exhibit I)

4

On March 28, 2003, Walker filed an application for rehearing and a motion to amend the finding of facts. (Exhibits J; K) On April 18, 2003, the Alabama Court of Criminal Appeals overruled Walker's application. (Exhibit L) On April 30, 2003, Walker filed a petition for writ of certiorari in the Alabama Supreme Court. (Exhibit M) On August 15, 2003, the Alabama Supreme Court denied Walker's petition and the Alabama Court of Criminal Appeals issued a certificate of judgment. (Exhibits N; O; P)

## APPLICATION OF THE STATUTE OF LIMITATION

This petition is due to be denied and dismissed with prejudice based on its having been filed after the statute of limitation had run. When Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), it included a one-year statute of limitation for the filing of federal habeas petitions. That statute of limitation is contained in Title 28 U.S.C. §2254(d)(2), which provides that a person convicted in state court has one year from the time his sentence becomes final in state court to file a federal habeas petition challenging his state court conviction. Walker filed a direct appeal of his conviction and the Alabama Court of Criminal Appeals affirmed his conviction on April 20, 2001. (Exhibit D) The Alabama Supreme Court denied Walker's petition for writ of certiorari and the Court of Criminal Appeals issued a certificate of judgment on August 31, 2001. (Exhibits

E; F) Walker's time for filing a federal habeas petition began to run on November 29, 2001, ninety days following the issuing of the certificate of judgment. Thus, Walker had until November 29, 2002, to file a federal habeas petition or be barred by the statute of limitation unless he filed a post-conviction petition to toll his time.

Walker filed a state post-conviction petition on January 22, 2003, that tolled his time for filing a federal habeas petition pursuant to 28 U.S.C. §2254(d)(1), with three hundred-eleven days remaining. The time for filing his federal habeas petition resumed on November 13, 2003, ninety days after the Alabama Court of Criminal Appeals issued a certificate of judgment on August 15, 2003. Walker had until November 13, 2004 to file his petition. Accordingly, Walker's habeas petition was untimely by one year when he signed it on January 25, 2005. Thus, this Court should deny his petition with prejudice as barred by § 2244(d)'s statute-of-limitation provision.

## DISCUSSION OF CLAIM

Even if Walker had timely filed his federal petition for writ of habeas corpus, he has failed to show either that the Alabama Court of Criminal Appeals's adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court" or, "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. §2254(d)(1) and (2). *See also,* Williams v. Taylor, 120 S. Ct. 1495, 1510 (2000). In his current petition before this Court, Walker failed to even assert that the state appellate court's decision conflicts with federal law as established by the United States Supreme Court.

On March 14, 2003, the Alabama Court of Criminal Appeals thoroughly addressed Walker's claim that his conviction was in violation of Brady v. Maryland, 373 U.S. 83 (1963). The court correctly determined that no violation occurred. (Exhibit I) Accordingly, Walker is due no federal habeas relief on this assertion.

## CONCLUSION

Based on the foregoing, this petition is due to be denied and dismissed with prejudice.

        Respectfully submitted,

        s/Elizabeth Ray Butler (BUT031)
        Elizabeth Ray Butler (BUT031)
        Office of the Attorney General
        Alabama State House
        11 South Union
        Montgomery, AL  36130-0152
        Telephone: (334) 242-7300
        Fax: (334) 242-2848
        E-Mail: Ebutler@ago.state.al.us

## EXHIBIT LIST[1]

A. Copy of the record on Walker's direct appeal. CC-97-239; CR-99-1730.

B. Copy of the State's brief in response to Walker's direct appeal, dated December 20, 2000. CC-97-239; CR-99-1730.

C. Copy of the Alabama Court of Criminal Appeals memorandum opinion affirmed Walker's convictions, dated April 20, 2001. CC-97-239; CR-99-1730.

D. Copy of the Alabama Supreme Court's order denying Walker's petition for writ of certiorari, dated August 31, 2001. CC-97-239; CR-99-1730.

E. Copy of the certificate of judgment issued by the Alabama Court of Criminal Appeals, dated August 31, 2001. CC-97-239; CR-99-1730.

F. Copy of the record of Walker's Rule 32 petition. CC-97-239; CR-01-2524.

G. Copy of Walker's brief on appeal of the trial court's dismissal of his Rule 32 postconviction petition. CC-97-239; CR-01-2524.

H. Copy of the State's brief in response to Walker's appeal, dated January 30, 2003. CC-97-239; CR-01-2524.

---

[1] Due to the voluminous nature of the exhibits and the fact that the copier has been down, the exhibits will be filed under a separate cover.

I. Copy of the Alabama Court of Criminal Appeals's memorandum opinion affirming the trial court's dismissal of Walker's petition, dated March 14, 2003. CC-97-239; CR-01-2524.

J. Copy of Walker's application for rehearing, dated March 28, 2003. CC-97-239; CR-01-2524.

K. Copy of Walker's motion to amend the finding of facts, dated March 28, 2003. CC-97-239; CR-01-2524.

L. Copy of the Alabama Court of Criminal Appeals order overruling Walker's application for rehearing, dated April 18, 2003. CC-97-239; CR-01-2524.

M. Copy of Walker's petition for writ of certiorari in the Alabama Supreme Court, dated April 30, 2003. CC-97-239; CR-01-2524; No. 1021248.

N. Copy of the Alabama Supreme Court's order denying Walker's petition for writ of certiorari, dated August 15, 2003. CC-97-239; CR-01-2524; No. 1021248.

O. Copy of the Alabama Supreme Court's order denying Walker's petition for writ of certiorari and taxing cost to Walker, dated August 15, 2003. CC-97-239; CR-01-2524; No. 1021248.

P. Copy of the Alabama Court of Criminal Appeals's certificate of judgment, dated August 15, 2003. CC-97-239; CR-01-2524; No. 1021248.

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>22nd</u> day of February, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:   <u>James Wilbert Walker, AIS #219913, Limestone Correctional Facility, 28779 Nick Davis Road, Harvest, Alabama, 35749.</u>

        Respectfully submitted,

        s/Elizabeth Ray Butler (BUT031)
        Elizabeth Ray Butler (BUT031)
        Office of the Attorney General
        Alabama State House
        11 South Union
        Montgomery, AL  36130-0152
        Telephone:  (334) 242-7300
        Fax:  (334) 242-2848
        E-Mail:  Ebutler@ago.state.al.us

#188975