NO. CR-99-1730

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JAMES WILBERT WALKER, JR,

APPELLANT,

V.

STATE OF ALABAMA,

APPELLEE.

ON APPEAL FROM THE CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA,
(NO. CC-97-239)

BRIEF AND ARGUMENT

OF

BILL PRYOR
ATTORNEY GENERAL

AND

JOSEPH G. L. MARSTON, III
ASSISTANT ATTORNEY GENERAL

ATTORNEYS FOR APPELLEE

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300

EXHIBIT

β

# TABLE OF CONTENTS

PAGE

TABLE OF CASES............................................................................. ii

TABLE OF STATUTES...................................................................... iii

STATEMENT OF THE CASE ........................................................... 1

STATEMENT OF ISSUES PRESENTED........................................... 3

STATEMENT OF THE FACTS.......................................................... 4

      I. ON THE TRIAL................................................................... 4

      II. ON THE MOTION FOR A NEW TRIAL............................. 4

ARGUMENT...................................................................................... 7

      I. IN RE: J.R.W.'S LETTER................................................... 7

          A. IN RE: DISCOVERY, GENERALLY............................ 7

          B. IN RE: BRADY V. MARYLAND...............................10

      II. IN RE: WAIVER OF TRIAL BY JURY.............................. 11

      III. IN RE: EFFECTIVE ASSISTANCE OF COUNSEL.......... 14

CONCLUSION................................................................................. 17

APPENDIX...................................................................................... 18

CERTIFICATE OF SERVICE.......................................................... 21

## TABLE OF CASES

PAGE(S)

Barker V. Wingo,
    407 U.S. 514, 33 L.Ed.2d. 101,
    92 S.Ct. 2182, (1972)....................................................... 12

Brady V. Maryland,
    373 U.S. 83, 10 L.Ed.2d. 215,
    83 S.Ct. 1194, (1963)............................*ante*, i; *post*, 3, 10-11

Clifton V. State,
    545 So.2d. 173, (Ala.Crim.App, 1988)................................ 9

Etherton V. Homewood,
    700 So.2d. 1374, (Ala, 1997)............................................ 13

Ex parte Lucy,
    340 So.2d. 847, (Ala, 1976)............................................. 13

Ex parte Windom,
    763 So.2d. 946, (Ala, 2000)............................................ 8-9

Ingram V. State,
    629 So.2d. 800, (Ala.Crim.App. 1993)............................... 13

Kilgore V. State,
    643 So.2d. 1015, (Ala.Crim.App, 1993)....................... 13-14

Lucy V. State,
    340 So.2d. 840, (Ala. Crim. App, 1976)............................ 13

McCrory V. State,
    505 So.2d. 1272, (Ala.Crim.App, 1987)............................. 9

Moulds V. State,
    426 So.2d. 942, (Ala.Crim.App, 1983)................................ 9

Reeves V. State,
    432 So.2d. 543, (Ala.Crim.App, 1983)................................ 9

Stricker V. Greene,
     527 U.S. 263, 144 L.Ed.2d. 286,
     119 S.Ct. 1936, (1999)...................................................... 10

Strickland V. Washington,
     466 U.S. 668, 80 L.Ed.2d. 674,
     104 S.Ct. 2052, (1984)............................................... 14-16

Wilson V. State,
727 So.2d. 869, (Ala.Crim.App, 1998)....................................... 13

## TABLE OF STATUTES

PAGE(S)

Code Of Alabama, (1975),

    Title 13A, Section 13A-5-6. ................................................ 2

       Section 13A-6-62. ........................................ 1, 2

       Section 13A-6-64. ........................................ 1, 2

       Section 13A-13-3. .............................................. 1

NO. CR-99-1730

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JAMES WILBERT WALKER, JR,

APPELLANT,

V.

STATE  OF  ALABAMA,

APPELLEE.

ON APPEAL FROM THE CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA,
(NO. CC-97-239)

---

BRIEF AND ARGUMENT OF APPELLEE,
THE  STATE OF ALABAMA

---

## STATEMENT OF THE CASE

The appellant, James Wilbert Walker, Jr, was indicted at the

August, 1997, Term of the Grand Jury of Chilton County,

Alabama, for two counts each of rape in the second degree[1],

sodomy in the second degree[2], and incest[3].  (C. pp. 48-50)

---

[1] Code Of Alabama, (1975), Section 13A-6-62(a)(1), appendix.

[2] Ibid, Section 13A-6-64(a)(1), appendix.

[3] Ibid, Section 13A 13-3(a)(1), appendix.

On September 9, 1997, Walker, attended by his attorney, Mr. David B. Karn, Esq, was arraigned on the indictment and pleaded not guilty. (C. p. 2)

On November 1, 1999, Walker withdrew his demand for a trial by jury. (C. p. 3)

On December 13, 1999, the cause came on for trial before the Honorable Sibley Reynolds, a Circuit Judge. Walker was attended by his attorney, Mr. Karn. The State was represented by its district attorney, Ms. Janice Clardy, Esq, and her assistant, Ms. Jennifer Jordan, Esq. (C. p. 3 and R-2)

On hearing the evidence and argument of counsel, Judge Reynolds found Walker guilty of two counts of rape in the second degree, two counts of sodomy in the second degree, as charged in the indictment. However, Judge Reynolds found Walker not guilty of incest. Walker was adjudged guilty in accordance with the verdict. (C. p. 3 and 5, and R-180-181)

On April 5, 2000, Walker, was sentenced to fifteen years imprisonment[4] for each of his four convictions, to be served concurrently. (C. pp. 5-7 and R-182-189.)

---

[4]. Ibid, Sections 13A-5-6(a)(2), 13A-6-62(b), and 13A-6-64(b), appendix.

2

On April 27, 2000, new counsel appeared for Walker and filed a motion for a new trial. (C. pp. 28-37) Hearings were held on the motion on June 2, 2000, and August 18, 2000. The motion was denied. (C. p. 4 and R-191-232)

This appeal follows. (C. p. 24)

<u>STATEMENT OF ISSUES PRESENTED</u>

1(a). Does a trial judge commit reversible error in excluding an impeaching document from evidence to sanction a discovery violation, where the document relates to a matter which is established by other evidence and is undisputed, the judge allows cross-examination of the witness on the basis of the document, and the witness admits executing the document and the contents of the document?

1(b). Does a violation of the rule of <u>Brady V. Maryland</u>, (373 U.S. 83, 10 L.Ed.2d. 215, 83 S.Ct. 1194, [1963]), occur, where the nondisclosure was not so serious that there is a reasonable probability that the suppressed evidence would have produced a different result?

3

2. Where the record shows a waiver of trial by jury in open court, on appeal, may an attack be made on the waiver on the basis of a silent record?

3. Does the failure of defense counsel to introduce additional evidence on a proven and undisputed point constitute ineffective assistance of counsel?

<u>STATEMENT OF THE FACTS</u>

The appellee's statement of the facts is supplemental to and in correction of Walker's statement of the facts.

I.

ON THE TRIAL

The evidence in this case consisted of the testimony of the victim, J.R.W, and Walker, in addition to evidence relating to J.R.W.'s character. It is sufficient to note that, if J.R.W.'s testimony is credited, then Walker is guilty.

J.R.W. testified that, when she was thirteen years of age, and for a substantial period before that date, Walker, her father, regularly had sexual intercourse with her, as well as oral sodomy. She testified that this occurred at the family home in Chilton

4

County. As a result of her report of this abuse she and her sister were removed from the home. (R-7-20, 58-65, and 68-69)

It was undisputed that J.R.W. had on several occasions made reports of sexual abuse by Walker and then recanted them. (R-20-58)

Ms. Dawn Key is a counselor at Family Connections a residential home for troubled children, where J.R.W. resided for nearly a year. This was an unusually long stay at the home. The reason for J.R.W.'s prolonged stay was the difficulty in finding a placement for her, due to her misbehavior, which included lying. Ms. Key testified that J.R.W. exhibited all of the symptoms of an abused child. These symptoms included lying. Ms. Key testified that J.R.W. was consistent in her allegations against her father, while Ms. Key was counseling her. Ms. Key also testified that J.R.W. received little support from her family during this time, and that J.R.W.'s mother would visit J.R.W.'s sister but shun J.R.W. The sister blamed J.R.W. for their being in foster care, and pressured her sister to recant. (R-70-77)

The defense submitted a number of witnesses who testified to J.R.W.'s lying and pursuing boys. (R-82-124)

5

J.R.W.'s mother testified for Walker, and stated that she had no reason to believe that her husband was abusing his daughter. (R-124-157)

Walker testified that he had never abused J.R.W. He claimed that J.R.W. made the allegations as revenge for his not letting her date and breaking up her relationships with various boys. (R-157-178)

## II.

## ON THE MOTION FOR A NEW TRIAL

Although there was extensive argument, except for an *ex parte* deposition by J.R.W.'s sister, (C. pp. 71-87), no evidence was offered at the hearings on the motion for a new trial. (R-191-232)

6

## ARGUMENT

### I.

### IN RE: J.R.W.'S LETTER

### A.

### IN RE: DISCOVERY, GENERALLY

The evils of child abuse, especially child sexual abuse, are well documented. Not only does child abuse violate the human rights of the victims, the violators are often the very people charged by nature and society with protecting the victimized children. Such is the case here. When children are hurt or threatened, it is to their parents that they naturally and necessarily turn for healing and protection. But, if the parents are the perpetrators, to whom can a child turn?

As evil as child abuse is in the event, the greatest evil is the life-long effects of the child's victimization. Sexually abused children are forced into sexual relationships, when they are not yet physically or psychologically capable of comprehending such things. Parental love is perverted into physical sex. It is small wonder that sexual dysfunction, including nymphomania, is a prime symptom of child abuse. These crimes occur in secrecy, and

7

the child is called on to keep the secret by lying. Usually, the children are faced with the dilemma of accepting the abuse in silence or tearing their family apart. It is no wonder that abused children have a propensity for lying, as Counselor Dawn Key testified in this case.

It was undisputed in this case that J.R.W. demonstrated the symptoms of an abused child, including a propensity for lying. During his second re-cross examination of J.R.W, defense counsel offered a letter J.R.W. had written to one Mark Anthony Duke. The purpose of introducing this letter was to show a motive for J.R.W. to lie about her father. While the Trial Judge did not allow the introduction of the letter, because of discovery problems, he did allow counsel to cross-examine J.R.W. about the letter and its contents. J.R.W. admitted writing the letter and answered in the affirmative every question she was asked about it. (R-49-54) Walker claims that the trial Judge erred in declining to admit the letter in evidence. Walker's submission should be rejected for at least three reasons.

First, "...[t]he trial judge has broad powers to control the discovery process... ." Ex parte Windom, 763 So.2d. 946, 950, (Ala,

8

2000). Therefore, the imposition of sanctions for discovery violations is largely within the discretion of the trial judge. Clifton V. State, 545 So.2d. 173, 178, (Ala.Crim.App, 1988); cert. quash; McCrory V. State, 505 So.2d. 1272, 1279, (Ala.Crim.App, 1987); cert. den. Given that the Trial Judge allowed the defense to question the witness about the letter, it is clear that he did not abuse his discretion.

Second, J.R.W.'s bias against her father and propensity for lying were shown by other evidence and were not disputed. Therefore, even if the exclusion of this letter was error, it was harmless. See Reeves V. State, 432 So.2d. 543, 546-547, (Ala.Crim.App, 1983).

Third, the ruling, even if it was error, was harmless, because His Honor allowed defense Counsel to cross-examine T.R.W. and she admitted writing the letter and all of its contents about which she was questioned. Therefore, while the letter was not admitted, its relevant contents were admitted. See Moulds V. State, 426 So.2d. 942, 949, (Ala.Crim.App, 1983).

9

B.

IN RE: <u>BRADY V. MARYLAND</u>

Walker also claims that the State violated his rights under <u>Brady V. Maryland</u>, (373 U.S. 83, 10 L.Ed.2d. 215, 83 S.Ct. 1194, [1963]), by not disclosing this letter. This submission should be rejected for at least two reasons.

First, according to an unchallenged statement by the prosecutor at the first hearing on the motion for a new trial, the defense knew about the letter at the time trial by jury was waived, *i.e.* November 1, 1999, some six weeks before trial. The prosecutor assumed the defense had the letter. <u>Brady</u> forbids suppressing exculpatory evidence. If the defense knew about the letter six weeks before trial, it was not suppressed.

Second, the letter and its relevant contents were proved, as we set out in the previous sub-section. Obviously, even if the letter itself could be described as "nondisclosed", "...the nondisclosure was not so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict... ." <u>Stricker V. Greene</u>, 527 U.S. 263, 281, 144 L.Ed.2d. 286, 119 S.Ct. 1936, (1999).

10

There simply was no <u>Brady</u> violation.

II.

IN RE: WAIVER OF TRIAL BY JURY

The record recites:

> ...11-1-99 Jury demand withdrawn. Case specially set 12-13-99... . (C. p. 3)

On motion for a new trial, new counsel complained that Walker had not waived his right to trial by jury. (C. p. 31-32)

When the motion for a new trial first came on for hearing, the Trial Judge asked:

> ...Is there a contention by defense counsel that Mr. Walker didn't know he had waived right to a jury trial?... . (R-200)

New Counsel responded:

> ...MR. BOWEN: I'm not sure that is the contention. I think it has to be on the record. It is like a guilty plea. A silent Record is not sufficient... . (R-201)

No evidence was offered at the hearings on the motion for a new trial on this issue. However, from the statements by the Trial Judge and the attorneys during the hearings, the following appears to be what happened:

The case was called for a jury trial on November 1, 1999. The Court was ready to strike a jury. Obviously, Walker was present,

11

and it is clear his appointed defense attorney, Mr. Karn, was in attendance. Also in attendance was Attorney James E. Roberts, of Birmingham, Alabama. Although it is claimed that Mr. Roberts never made an appearance for Walker, it is clear that Mr. Roberts came to court to help Mr. Karn and that he was active for the defense on November 1, 1999, and on the motion for a new trial, including the *ex parte* deposition of T.R.W's. sister. (C. p. 73) Obviously, an attorney cannot come to court and advocate for a party in a case and still claim that he has not appeared in the case. His actions constitute an appearance. It is also obvious that there would have been a court reporter in attendance on November 1, 1999. The defense requested a continuance[5], which the prosecutor opposed, pointing out that the case had been on the docket for two years. The defense wanted a continuance to investigate, among other things T.R.W's. letter to Mark Anthony Duke. In the interest of obtaining a continuance, the defense withdrew the demand for a jury trial. (R-222-223 and 225-230)

All of the people with knowledge of the events of November 1, 1999, were in Court at the hearings on the motion for a new trial

---

[5] "...Delay is not an uncommon defense tactic... ." Barker V. Wingo, 407 U.S. 514, 520-521, 33 L.Ed.2d. 101, 111-112, 92 S.Ct. 2182, (1972).

12

or readily available to testify, *i.e.* the Trial Judge, the Prosecutor, Mr. Karn, Mr. Roberts, and Walker. Yet, no evidence was offered on the question of Walker's waiver of trial by jury.

Walker's claim that he did not waive trial by jury is based on an allegedly silent record. However, the record is not silent. The record shows that the jury demand was withdrawn. Obviously, the experienced Trial Judge and attorneys knew what was required for a valid waiver of trial by jury.

The fundamental rule of appellate practice is:

> ...It is the appellant's burden to provide a reviewing court with a complete record on appeal. Wilkerson V. State, 686 So.2d 1266 (Ala.Crim.App.1996). We will not predicate error on a silent record. Foster V. State, 587 So.2d 1106 (Ala.Crim.App.1991)... . (Wilson V. State, 727 So.2d. 869, 869-870, [Ala.Crim.App, 1998]; aff'd on return to remand.)

See also, *e.g.* Etherton V. Homewood, 700 So.2d. 1374, 1377-1378, (Ala, 1997); Ingram V. State, 629 So.2d. 800, 804, (Ala.Crim.App, 1993); Lucy V. State, 340 So.2d. 840, 843, (Ala. Crim. App, 1976); cert. den. *sun nom* Ex parte Lucy, 340 So.2d. 847, (Ala, 1976). What this Honorable Court wrote in Kilgore V. State, (643 So.2d. 1015, [Ala.Crim.App, 1993]), is particularly relevant here:

13

..."'where the record is silent on appeal, it will be presumed that what ought to have been done was not only done, but *rightly done*.'" <u>Jolly v. State</u>, 405 So. 2d 76 (Ala.Cr.App. 1981)...." (643 So. 2d 1015, 1020; emphasis supplied.).

The record in this case shows that trial by jury was waived. In the face of the silence of the record other than that recitation, it must be presumed that the waiver was "rightly done".

III.

IN RE: EFFECTIVE ASSISTANCE OF COUNSEL

Walker makes the standard, "trial counsel could have done more" claim of ineffective assistance of trial counsel. The reason this sort of attack is so popular with convicted persons is that, whatever trial counsel did on behalf of the defendant, he or she could always have done more. The issue is, did trial counsel do enough?

To present a claim of ineffective assistance of counsel, a convict has to prove *both* attorney error *and* prejudice. <u>Strickland V. Washington</u>, 466 U.S. 668, 687, 80 L.Ed.2d. 674, 693, 104 S.Ct. 2052, (1984). The attorney error must be an act or omission, "... so serious that counsel was not functioning as the 'counsel'

14

guaranteed the defendant by the Sixth Amendment... ." (Ibid.) As for prejudice:

> ...The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.... (Strickland V. Washington, above, 466 U. S. 668, 694, 80 L.Ed.2d. 674, 698.)

There is no doubt that T.R.W. had a bad reputation for lying, and trial counsel proved this. The problem with this defense and it was the only possible defense, was that evidence proving that T.R.W. lied, sneaked about, and exhibited an unusual interest in sex, is that such character faults, while undermining her credibility, on the one hand, also corroborated her claim of having been sexually abused from an early age, on the other. Trial Counsel established, indeed it was conceded, that T.R.W. had a bad reputation for lying and that she had recanted her claim of abuse more than once. Again, this was conceded. It is most difficult to see how Counsel's introducing additional evidence on these undisputed points could have had any impact on the outcome.

15

The American System Of Justice is guided by the ideal of, "Equal Justice Under law", but even the ancient Greeks depicted Justice as a blind person. Under our system, T.R.W, her personality ravaged more completely than her body, has the right to the protection of law, as do future potential little victims of Walker's lust.

Even a person with an atrocious reputation for truthfulness, can tell the truth. Trial Counsel proved T.R.W's. propensity for lying, but the Trial Judge heard the evidence, including T.R.W's. admissions of recantations and untruthfulness. His Honor concluded that she was telling the truth, when she accused Walker of raping and sodomizing her as a child. Although Trial Counsel could have dragged the young woman through more mud, the outcome would have been the same.

The trial Judge correctly denied the motion for a new trial.

16

## CONCLUSION

In conclusion, the appellee, the State of Alabama, respectfully submits that there is no error in the record, and the appellee prays that the judgments and sentences of the Honorable Circuit Court of Chilton County, Alabama, in this case be affirmed.

Respectfully submitted,

BILL PRYOR
PRY0032
ATTORNEY GENERAL
By:


_____
JOSEPH G. L. MARSTON, III
 Mar032
ASSISTANT ATTORNEY GENERAL

ATTORNEYS FOR THE STATE
 OF ALABAMA, APPELLEE

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300

17

APPENDIX

<u>**CODE OF ALABAMA, (1975)**</u>

**TITLE 13A**

**Section 13A-5-6.  SENTENCES OF IMPRISONMENT FOR FELONIES.**

(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:

(1) For a Class A felony, for life or not more than 99 years or less than 10 years.

(2) For a Class B felony, not more than 20 years or less than 2 years.

(3) For a Class C felony, not more than 10 years or less than 1 year and 1 day.

(4) For a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 20 years.

(5) For a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 10 years.

(b) The actual time of release within the limitations established by subsection (a) of this section shall be determined under procedures established elsewhere by law.

**Section 13A-6-62. RAPE IN THE SECOND DEGREE.**

(a) A male commits the crime of rape in the second degree if:

(1) Being 16 years old or older, he engages in sexual intercourse with a female less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the female.

19

(2) He engages in sexual intercourse with a female who is incapable of consent by reason of being mentally defective.

(b) Rape in the second degree is a Class B felony.

**Section 13A-6-64. SODOMY IN THE SECOND DEGREE.**

(a) A person commits the crime of sodomy in the second degree if:

(1) He, being 16 years old or older, engages in deviate sexual intercourse with another person less than 16 and more than 12 years old.

(2) He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being mentally defective.

(b) Sodomy in the second degree is a Class B felony.

**Section 13A-13-3. Incest.**

(a) A person commits incest if he marries or engages in sexual intercourse with a person he knows to be, either legitimately or illegitimately:

(1) His ancestor or descendant by blood or adoption; or

(2) His brother or sister of the whole or half-blood or by adoption; or

(3) His stepchild or stepparent, while the marriage creating the relationship exists; or

(4) His aunt, uncle, nephew or niece of the whole or half-blood.

(b) A person shall not be convicted of incest or of an attempt to commit incest upon the uncorroborated testimony of the person with whom the offense is alleged to have been committed.

(c) Incest is a Class C felony.

20

<u>CERTIFICATE OF SERVICE</u>

I, Joseph G. L. Marston, III, Assistant Attorney General of Alabama and one of the attorneys for the State of Alabama, the appellee in this cause, do hereby certify that on this the 20th. day of December, 2000, I did serve copies of the foregoing on the attorney* for the appellant, and his former attorney**  by mailing the same to them, first class postage prepaid and addressed as follows:

Mr. William M. Bowen, Jr, Esq.*
Attorney at Law
White, Dunn, & Booker
Suite 600
2025 Third Avenue, North
Birmingham, Alabama, 35203

Mr. David B. Karn, Esq.**
Attorney At Law
401 Lay Dam Road
Clanton, Alabama, 35045

Mr. James E. Roberts, Esq.
Attorney At Law
Post Office Box 370004
Birmingham, Alabama, 35237

_____
JOSEPH G. L. MARSTON, III
MAR032
ASSISTANT ATTORNEY GENERAL

21

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300

NUMBER 32774