

FILED

2005 Mar-10 PM 02:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

JAN 1 0 2003

CLERK
ALA COURT CRIMINAL APPEALS

IN THE
COURT OF CRIMINAL APPEALS
FOR THE STATE OF ALABAMA


CRIMINAL APPEAL NO. CR 01-2524

---

JAMES WILBERT WALKER, JR.,

*Appellant,*


vs.


STATE OF ALABAMA,

*Appellee.*

---

ON APPEAL FROM DENIAL OF POST-CONVICTION RELIEF
IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA
IN CASE NUMBERED CC 97-239.60

---

**BRIEF FOR APPELLANT**

---

William R. Hill, Jr.
*Attorney for Appellant*
P. O. Box 1106
Clanton AL 35046
(205) 280-3117



EXHIBIT

G

# TABLE OF CONTENTS

**Page No.**

Table of Contents . . . . . . . . .    ii

Table of Authorities . . . . . . . .    iii

Statement of the Case . . . . . . . .    1

Statement of the Issues . . . . . . .    5

Statement of the Facts . . . . . . .    6

Statement of the
Standard of Review . . . . . . . .    9

Summary of the Argument . . . . . . .    12

Argument and Citations of
Authority . . . . . . . . .    14

Conclusion . . . . . . . . .    25

List of Adverse Rulings
Below . . . . . . . . .    26

Certificate of Service . . . . . . .    27

# TABLE OF AUTHORITIES

| Cases | Page |
|---|---|

**Agee v. State,**

639 So.2d 1388(Ala. Cr. App. 1993) . . . . . . . . . . . 10, 22, 23

**Brady v. Maryland,**

373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) . . . . . . . . . . . 5, 9, 12, 14-5

**Brown v. State,**

677 So.2d 1266 (Ala. Cr. App. 1996) . . . . . . . . . . 10, 22

**Ex parte Brown,**

548 So.2d 993 (Ala. 1989) . . . . . . . . . . . 10, 16

**Ex parte Cammon,**

578 So.2d 1089 (Ala. 1991) . . . . . . . . . . 10, 16-8

**Ex parte Dickerson,**

517 So.2d 628 (Ala. 1987) . . . . . . . . . . 9, 16

**Henderson v. State,**

570 So.2d 879 (Ala. Cr. App. 1990) . . . . . . . . . . 10, 22-3

<u>Smith v. State</u>,

563 So.2d 61 (Ala. Cr. App.
1990) . . . . . . . . . . . 10,
22

<u>U.S. v. Bagley</u>,

473 U.S. 667, 105 S.Ct.
3375, 87 L.Ed.2d 481 (1985) . . . . . . . . . . . 15-6


**Statutes**                                    **Page**

ALA. CODE § 13A-10-124 . . . . . . . . . . . 19


**Rules**                                       **Page**

ARAP 30 . . . . . . . . . . . 27

ARAP 34 . . . . . . . . . . . 27

ALA. R. CRIM. P. § 32 . . . . . . . . . . . 1-26

ALA. R. EVID. § 613 . . . . . . . . . . . 21

ALA. R. EVID. § 616 . . . . . . . . . . . 21

ARPC § 3.3 . . . . . . . . . . . 19

ARPC § 3.4 . . . . . . . . . . . 19

ARPC § 3.8 . . . . . . . . . . . 19

# STATEMENT OF THE CASE

Having exhausted all appellate remedies upon denial of his Motion for Writ of Certiorari by the Alabama Supreme Court on August 31, 2001, James Wilbert Walker, Jr. (hereinafter referred to as "WALKER"), filed a petition for relief from conviction under ALA.R.CRIM.P. 32 with the Chilton County Circuit Court on January 23, 2002 [C.1,3-10], citing that his conviction was in violation of his due process constitutional rights in that: 1) the State had deliberately suppressed evidence prior to trial that not only had his daughter, the alleged victim, recanted her story but also that she had been threatened with a possible perjury prosecution if she dared to change her story in court; and 2) his attorney committed a number of errors that contributed to the negative result.

WALKER filed a pro se Motion for Writ of Habeas Corpus on April 10, 2002 [C.1,13-6]. In this motion WALKER petitioned the trial court to release him on the grounds of justice in that his daughter Jennifer, the alleged victim, had already confessed under oath that she had lied when she accused him of molesting her.

1

On April 16, 2002 WALKER filed a second pro se motion with the Chilton County Circuit Court, asking for an injunction in order to obtain "a fast and fair" hearing before the court on the pending matters [C.1,17-8].

In response to the motions filed by WALKER in this matter, the Chilton County District Attorney filed a motion to dismiss the Rule 32 petition on June 24, 2002, claiming: 1) that the issues had already been raised and ruled upon during the appellate process; 2) that there had been no showing of ineffective assistance of counsel to the level that court action was necessary; and 3) that there existed no issue upon which relief could be granted [C.1,19].

On June 27, 2002 the Chilton County Circuit Court held an evidentiary hearing [C.1;R.4-108]. At that time Jennifer Walker Mims, the alleged victim, testified that she had lied originally and that her father did not commit the acts for which he was convicted [R.5-41]. Crystal Walker Williams, younger sister of Jennifer Mims, testified that she was aware of the friction between her sister and their parents involving Mark Duke and that she was totally unaware of anything that

2

would indicate her father's guilt of the alleged crimes [R.42-50]. Elizabeth Moorehead, the Guardian ad Litem appointed to represent Jennifer by the Chilton County Juvenile Court, confirmed the fact that Jennifer had recanted prior to trial and that she personally notified the Chilton County Juvenile Court and DHR investigators about the recantation prior to trial [R.51-55]. David Karn, WALKER's trial attorney, then testified concerning his actions before and during trial, elaborating further on the efforts of the prosecutor to suppress evidence of Jennifer's recantation and also on the offer to allow a state conducted polygraph examination of WALKER [R.56-81]. Tarrant Police Chief Jesse Sprayberry, a state licensed polygraph examiner, then took the stand and testified concerning the examination he personally performed on WALKER, from which he concluded that WALKER was truthful when he denied having molested Jennifer [R.82-9]. And, finally, WALKER called Dr. Kimberly Ackerson, a clinical forensic psychologist, to testify regarding an examination she conducted of Jennifer Walker Mims [R.90-102]. At the conclusion of legal arguments presented by both sides, the trial court adjourned, taking the case under advisement at that time [R.108].

3

After a lengthy period of consideration, the trial court entered an order on September 2, 2002, denying WALKER's Rule 32 petition [C.1, 21].

# STATEMENT OF THE ISSUES

I.      IS WALKER'S CONVICTION DUE TO BE OVERTURNED
BECAUSE IT WAS OBTAINED THROUGH THE
UNCONSTITUTIONAL FAILURE OF THE PROSECUTION
TO DISCLOSE EVIDENCE FAVORABLE TO WALKER
PRIOR TO TRIAL IN VIOLATION OF <u>BRADY vs.
MARYLAND</u> AND ITS PROGENY?


II.     DID THE TRIAL COURT'S ORDER ISSUED ON
SEPTEMBER 2, 2002 REGARDING WALKER'S RULE
32 PETITION VIOLATE WALKER'S DUE PROCESS
RIGHTS DUE TO A FAILURE TO MAKE SPECIFIC
FINDINGS OF FACT ON EACH MATERIAL ISSUE
PRESENTED AT THE EVIDENTIARY HEARING IN
VIOLATION OF Ala.R.Crim.P. 32.9(d)?

## STATEMENT OF THE FACTS

In support of this appeal of the trial court' denial of his ALA.R.CRIM.P. 32 petition, WALKER would adopt the Statement of Facts presented to this Court during his initial appeal, Case No. CR 99-1730, along with the following undisputed information brought before the trial court during the evidentiary hearing:

Subsequent to leveling accusations of sexual abuse against her father in 1996 Jennifer Renee Walker recanted her story on a number of occasions to various individuals.

First, Jennifer admitted that the story was a lie and that she hated her father so much that she wished he was dead in a letter she wrote to her then boyfriend Mark Duke who was in custody of the Shelby County authorities on a murder charge [R.27,29-30].

Second, while at the Gateway Home in Birmingham, Jennifer confessed to her counselor, Tim Bowen, that the sexual abuse allegations she made against her father were false [C. 15; R.26].

6

Third, while talking with Elizabeth Moorehead, the attorney appointed her Guardian ad Litem by the Chilton County Juvenile Court, Jennifer admitted that her sexual abuse accusations against her father were false [C.15;R.37;53-4]. According to Jennifer Ms. Moorehead warned her that changing her testimony could result in a possible perjury charge and that Jennifer would more than likely find herself in jail as a result [C.15;R.37]. Ms. Moorehead then informed both the Chilton County Juvenile Court and the Chilton County DHR that Jennifer wanted to recant at that time [R.54-5].

Fourth, Jennifer recanted her accusations to the Assistant District Attorney prosecuting the case before the trial [C. 15; R. 37-8]. Rather than showing concern for the situation or even bothering to investigate the recant, Assistant District Attorney Jennifer Jordan bluntly informed Jennifer Walker that she stay with her allegations of abuse or that she would be prosecuted for perjury [C.15;R.37-8].

Another undisputed fact placed before the trial court during the evidentiary hearing was that WALKER voluntarily took a polygraph exam conducted by Tarrant Police Chief Jesse

7

Sprayberry, a state licensed polygraph examiner, on May 14, 1998 [R.86-8]. Based upon the results of the comprehensive polygraph examination conducted, Chief Sprayberry concluded that WALKER was truthful when he denied committing the acts for which he is now serving in the state penitentiary [R.67-9,88]. Upon hearing these results, defense counsel David Karn informed the prosecutor of the test and results, even offering to have WALKER take another examination conducted by an expert of the State's choosing which was declined [R.69-71,78].

## STATEMENT OF THE STANDARD OF REVIEW

The United States Supreme Court in <u>Brady v. Maryland</u> established the standard for determining whether a new trial is warranted because of the prosecution's suppression of exculpatory evidence:

> [T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to the guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

373 U.S. at 87, 83 S.Ct. at 1196. In <u>United States v. Bagley</u> the Supreme Court held that: (1) evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different;" and (2) A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." <u>United States v. Bagley</u>, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). See also, <u>Ex parte Dickerson</u>, 517 So.2d 628 (Ala. 1987).

In order to establish a possible <u>Brady</u> violation in the instant case, WALKER must establish the following: 1) that the

prosecution suppressed the evidence; 2) that the evidence was of a character favorable to his defense; and 3) that the evidence was material. See, Ex parte Cammon, 578 So.2d 1089 (Ala. 1991); Ex parte Brown, 548 So.2d 993 (Ala. 1989).

Regarding the second issue, the trial court is obligated to make specific findings of fact relating to each material issue of fact presented by WALKER in support of his claim that he is entitled to post-conviction remedies under ALA.R.CRIM. P.32. ALA.R.CRIM.P. §32.9(d). This Court has held on numerous occasions that such a requirement must be met by the trial court both to afford the Rule 32 petitioner his or her due process rights as well as to give this Court an opportunity to determine whether the trial court denial of the petition was merited. See, e.g., Brown v. State, 677 So.2d 1266 (Ala. Cr. App. 1996); Agee v. State, 639 So.2d 1388 (Ala. Cr. App. 1993); Henderson v. State, 570 So.2d 879 (Ala. Cr. App. 1990); Smith v. State, 563 So.2d 61 (Ala. Cr. App. 1990). Therefore, in reviewing this issue the Court should take judicial notice of the trial court's final order issued on September 2, 2002 [C. 21] denying WALKER relief under Rule 32 to determine whether the trial court in the above-mentioned order violated the

Ala.R.Crim.P. §32.9(d) requirement of specific findings of fact in support of the ruling.

# SUMMARY OF THE ARGUMENT

Prior to WALKER's trial on the charges whereby he was convicted and now serving, two crucial pieces of evidence came to the attention of the prosecutor, who chose to suppress the information in violation of Brady v. Maryland despite its tending to indicate the WALKER was not guilty of the crimes charged. First, the alleged victim had in fact recanted the allegations she had made against WALKER in a juvenile court hearing at which time both her attorney and the district attorney advised her that she faced a possible prosecution for perjury for doing so. Despite this occurrence, the district attorney knowingly failed or refused to inform WALKER, his counsel or the trial court of this recantation before trial. Second, the prosecution knew of a letter Jennifer wrote to Mark Duke in which she not only admitted that the charges were false but also detailed her reasons for lying about her father.

It is a matter of statutory law that a trial court is obligated to make specific findings of fact relating to each material issue of fact presented by a petitioner in support of his claim that he is entitled to post-conviction remedies under

12

ALA.R.CRIM.P. 32.9(d). The order issued by the Chilton County Circuit Court on September 2, 2002 does not meet this required standard and is therefore due to be remanded for a more specific finding of facts upon which the trial court based its decision.

## ARGUMENT AND CITATIONS OF AUTHORITY

I.    **WALKER'S CONVICTION IS DUE TO BE OVERTURNED BECAUSE IT WAS OBTAINED THROUGH THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE EVIDENCE FAVORABLE TO WALKER PRIOR TO TRIAL IN VIOLATION OF <u>BRADY vs. MARYLAND</u> AND ITS PROGENY.**

Prior to WALKER's trial on the charges whereby he was convicted and now serving, two materially specific and crucial pieces of information came to be known by the prosecution which were withheld from the defense in violation of <u>Brady v. Maryland</u> in order that a high profile sex offender conviction could be obtained. First, the alleged victim, Jennifer Renee Walker, had in fact recanted the allegations she had made against WALKER in a juvenile court hearing at which time both her attorney and the district attorney advised her that she faced a possible prosecution for perjury for doing so. Despite this occurrence, the district attorney knowingly failed or refused to inform WALKER, his counsel or the trial court of this recantation before trial. Second, Jennifer Walker had written a letter to her then boyfriend, Mark Duke, in which she not only admitted that the charges of sexual abuse against WALKER were false, but she also showed a seething hatred for

14

her father that would lead her to make up the charges for which he was convicted. While the Chilton County prosecutor was aware of this letter's existence, it took defense counsel issuing a subpoena to the Shelby County District Attorney's office for a copy to be obtained and even then he did not receive it until immediately before trial, during which the trial court ignored the import and incorrectly ruled it inadmissible.

The United States Supreme Court in Brady v. Maryland established the standard for determining whether a new trial is warranted because of the prosecution's suppression of exculpatory evidence:

> [T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to the guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

373 U.S. at 87, 83 S.Ct. at 1196. In United States v. Bagley the Supreme Court held that: (1) evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different;" and (2) A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."

15

United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). See also, Ex parte Dickerson, 517 So.2d 628 (Ala. 1987).

In order to establish a possible Brady violation in the instant case, WALKER must establish the following: 1) that the prosecution suppressed the evidence; 2) that the evidence was of a character favorable to his defense; and 3) that the evidence was material. See, Ex parte Cammon, 578 So.2d 1089 (Ala. 1991); Ex parte Brown, 548 So.2d 993 (Ala. 1989).

In Ex parte Cammon, the Alabama Supreme Court dealt with a situation quite analogous to the present case. Michael Cammon had been accused of sexually abusing his daughter and evidence was brought to the attention of the Cullman County Circuit Court that the alleged victim had recanted her story against her father and instead accused her uncle of molesting her, a fact which was brought to the attention of the prosecution prior to trial of the case. In the majority opinion Justice Shores stated that:

> There is no question that such a recantation... would be both exculpatory and material; therefore the second and third requirements have been satisfied.

16

578 So.2d at 1091. Justice Shores went on to note both that the good faith of the prosecution in not disclosing the information was irrelevant, but that the information requested by a criminal defendant be known to the prosecution, which knowledge is presumed when the information is in the prosecutor's files. However, there are two significant ways in which the instant case differs from Cammon.

First, in Cammon there was evidence indicating that the child had been sexually abused whereas in the instant case the State had nothing more than the word of an alleged victim who wanted to recant [R.71,75]. The sheer lack of evidence beyond the word of the victim in the instant case makes the State's suppression of her personal recantation to the prosecutor even more crucial since such information undermined the credibility of the State's entire case against WALKER.

Second, in Cammon, the recantation was made to the victim's mother who in turn informed the victim relation's officer of the Cullman County District Attorney and thus there existed a dispute of whether a suppression occurred due to a possible lack of personal knowledge by the prosecutor. In the

instant case, however, the alleged victim recanted to a whole host of individuals, including: 1) Mark Duke, her then boyfriend who was the ultimate cause of tensions between her and WALKER leading to the allegations of sexual abuse against WALKER [R.27-30]; 2) her younger sister Crystal [R.44]; 3) Tim Bowen, her counselor at the Gateway home [C.15;R.26]; 4) Elizabeth Moorehead, the Guardian ad Litem appointed by the Chilton County Juvenile Court [C.15;R.37,53-4]; 5) the Chilton County DHR investigators handling the Walker case [R.55]; and 5)Assistant District Attorney Jennifer Jordan who personally prosecuted the case [C.15-6;R.36-8]. While the Supreme Court found it necessary to remand <u>Cammon</u> to the trial court for an evidentiary hearing to determine who knew what and when before a final ruling could be made, such is not need in the instant case. The undisputed evidence presented by WALKER to the Chilton County trial court shows that the prosecutor handling the trial personally heard Jennifer Walker recant. But not only did Ms. Jordan fail or refuse to mention this to defense counsel, but in her desire to obtain a conviction at all costs went even further, forcing Jennifer Walker to withhold this information from the court during trial under threat of prosecution for perjury. Not only is this action a mere

suppression of evidence in violation of Brady and denial of WALKER's due process rights, but it is also a egregious violation of ARPC §§ 3.3(a)(3)[prohibition against an attorney offering evidence known to be false], 3.4(a) {prohibition against an attorney actively concealing or obstructing the obtaining of evidence] &(b) [prohibition against an attorney inducing a witness to testify falsely], and 3.8(1)(d) [prohibition against a prosecutor willfully failing to make a timely disclosure of any information negating the guilt of an accused], as well as ALA. CODE § 13A-10-124(a)(1) [witness tampering].

While it may be true that prior counsel for WALKER was fortunate enough to discover on his own that Jennifer Walker had recanted her story to other individuals, such fortune does not eliminate the taint of the actions of the State immediately prior to and during trial of this matter. As noted previously, Jennifer Walker's original intent was to recant during trial [C.15-6;R.19-20]but that she was bullied and threatened with a perjury prosecution by the State not to change her original story [C.15-6;R.36-8]. The very fact that the State found it necessary to make such threats to its own witness in order to

19

forge on with a tenuous case should have been brought to the trial court's attention as such information is clearly relevant and material to the case.


Furthermore, the prosecution further violated <u>Brady</u> by suppressing the letter Jennifer Walker wrote to Mark Duke in which she not only admitted that the sexual abuse allegations were false, but even went so far as to say that the pair would have been better off had they "offed" him instead [R.28]. The undisputed evidence presented at the hearing shows that the State was well aware that Jennifer was emotionally unstable and that she hated her father because he would not allow her to date an older boy named Mark Duke [C.15-6;R.11-14,16,20,44]. In connection with this relationship, it became known that Jennifer had written a letter to Duke while he was in the Shelby County Jail awaiting prosecution on a murder charge. While the Chilton County District Attorney was aware of the letter's existence [R.61-4], it remained in possession of the Shelby County District Attorney's office, despite its obvious relevance to the prosecution of WALKER. In the letter Jennifer Walker in no uncertain terms admitted that she had fabricated

the sexual abuse charges as a means of revenge against her father because he would not allow the pair to be together [R.27-30,61-64]. When confronted with the information that defense counsel knew of the letter the prosecutor deftly avoided the subject and failed or refused to provide a copy [R.63-4]. It was only after defense counsel served a subpoena requiring a copy be provided that the Shelby County District Attorney produced one, choosing to fax it to counsel's office during the weekend before the trial that was scheduled to start on Monday [R.61-4]. Then, after deliberately stalling the provision of this crucial evidence, the State fought tooth and nail against admission of the letter despite its importance in proving both motive and bias on Jennifer's part, clearly being admissible under ALA. R. EVID. 613(b) and 616.

II.     **THE TRIAL COURT'S ORDER ISSUED ON SEPTEMBER 2, 2002 REGARDING WALKER'S RULE 32 PETITION VIOLATED WALKER'S DUE PROCESS RIGHTS DUE TO A FAILURE TO MAKE SPECIFIC FINDINGS OF FACT ON EACH AND EVERY MATERIAL ISSUE PRESENTED DURING THE EVIDENTIARY HEARING IN VIOLATION OF ALA.R.CRIM.P. 32.9(d).**

It is a matter of statutory law that a trial court is obligated to make specific findings of fact relating to each

material issue of fact presented by a petitioner in support of
his claim that he is entitled to post-conviction remedies under
ALA.R.CRIM.P. 32:

> (d)  **Findings of Fact.** The court shall make
> specific findings of fact relating to each material
> issue of fact presented.

ALA.R.CRIM.P.§ 32.9(d). In further elaboration on the statutory
requirement noted above this Court has repeatedly held that
such a requirement must be met by the trial court both to
afford the Rule 32 petitioner his or her due process rights as
well as to give this Court an opportunity to determine whether
the trial court denial of the petition was merited. See, *e.g.*,
Brown v. State, 677 So.2d 1266 (Ala. Cr. App. 1996); Agee v.
State, 639 So.2d 1388 (Ala. Cr. App. 1993); Henderson v. State,
570 So.2d 879 (Ala. Cr. App. 1990); Smith v. State, 563 So.2d
61 (Ala. Cr. App. 1990). The order issued by the Chilton County
Circuit Court on September 2, 2002 does not in any way meet
this required standard.

In denying WALKER the relief sought, the trial court
issued an order dated September 2, 2002, which says in its
entirety:

This cause coming on before this Court upon the Rule 32 Petition as filed by the Defendant, James Wilbert Walker on January 23, 2002 and the parties being present for testimony before this Court on June 27, 2002 and this Court entertaining the same at length from Jennifer Walker Mims, the victim and daughter of the defendant, Crystal Walker Williams, another daughter, Hon. Elizabeth Moorehead, Hon. David Karn, Jessie Sprayberry and Kim Ackerson. Additionally the State submitted their argument for a dismissal, the same being taken under advisement by this Court.

Upon consideration of the argument, testimony and review of the extensive pleadings, it is the opinion of this Court as follows:

1. That the Rule 32 Petition is hereby dismissed and the requested relief is hereby denied.

ORDERED this the 2nd day of September, 2002.

[C.21]. As can be seen from this verbatim recitation of the order, the trial court totally ignored its duty under ALA.R.CRIM.P. 32.9 and made a final ruling without a single finding of fact to support the ruling whatsoever. In two similar situations this Court ruled that reasoning such as that recited above was insufficient because "this Court simply cannot determine the basis of [the circuit] court's decision." See, Agee, 639 So.2d at 1390; Henderson, 570 So.2d at 880. Therefore, WALKER would respectfully point out to this Court that at the very least this case is due to be remanded to the

23

trial court so that specific findings of fact be rendered in compliance with ALA.R.CRIM.P. 32.9(d).

## CONCLUSION

Based upon the foregoing brief, WALKER submits that his bench conviction was improper and in violation of his due process rights. Therefore, WALKER respectfully requests that this Court set aside the trial court Order dated September 2, 2002 dismissing his Rule 32 Application and grant him the relief requested in said petition. In the alternative, WALKER requests that this Court remand the case back to the trial court for a specific finding of facts serving as the basis for the trial court's order as required by ALA.R.CRIM.P. 32.9(d).

RESPECTFULLY SUBMITTED on this the 10th day of January, 2003.


_____
William R. Hill, Jr.
*Attorney for Appellant*
P. O. Box 1106
Clanton AL 35046
(205) 280-3117

## LIST OF ADVERSE RULINGS BELOW

| Page Number | Trial Court Ruling Adverse to Appellant |
|---|---|
| C. 21 | The Trial Court denied WALKER's Petition for Relief pursuant to ALA.R.CRIM.P. 32. |

26

JAMES WILBERT WALKER, JR.,          TO:  The Clerk of the Court
                                         of Criminal Appeals
          *Appellant*,                   of Alabama

vs.                                 Case No. CR 01-2524

STATE OF ALABAMA,                   Clerk's Certificate of
                                    Completion: 12/06/2002
               *Appellee*.

          I certify that I have on this date served a copy of the
foregoing brief and argument on the office of the Attorney
General for the State of Alabama. The Appellant, in compliance
with Rule 30(g), ARAP:

[  ] elects to prepare and file an appendix to the brief as
provided in Rule 30(b), ARAP, and designates from the record
on appeal the following to be included in such an appendix:

**Documents, Exhibits, Name of Witnesses, etc.**          **Page No.**

_____          _____
_____          _____
_____          _____

[X] elects not to use the appendix system and has made
satisfactory arrangements with the trial clerk for an
additional copy of the record on appeal.

          Pursuant to Rule 34(a), ARAP:

[X]  I do not desire oral argument.

[  ] I have demanded oral argument and so indicated on the
     cover of my brief.

          DATED this 10th day of January, 2003.


                         _____
                         William R. Hill, Jr.
                         Counsel for Appellant

                                                              27