# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

Manston
16176

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



RELEASED
APR 20 2001
...AL APPEALS

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-99-1730                    Chilton County Circuit Court No. CC-97-239

James Walker v. State

COBB, Judge

    The appellant, James Wilber Walker was convicted following a bench trial of two counts of Rape, Second Degree, a violation of § 13A-6-62, Ala. Code 1975, and one count of Sodomy, Second Degree, a violation of § 13A-6-64, Ala. Code 1975. The judge sentenced Walker to fifteen years' imprisonment on each count, to be served concurrently. Walker raises three issues on appeal. We affirm.

    The evidence at trial tended to show that James Walker sexually abused J.W., his biological daughter. The sexual abuse began before J.W. was thirteen years old. Initially, Walker fondled J.W., and the abuse escalated to sexual intercourse. J.W. testified to three incidents of sexual intercourse. J.W. said that Walker also performed oral sex on her. J.W. and her sister, C.W., were removed from the home in the middle of J.W.'s ninth grade year, after she reported the abuse.

    J.W. admitted at trial that she recanted the allegations one year after she made them, but she stated that her mother and sister were putting pressure on her to recant because they told her she was destroying the family. She maintained at trial that her initial allegations were true.

    Sue Walker, J.W.'s mother, and James Walker both testified to the fact that J.W. was a problem child. Before J.W. made these allegations, they would not let J.W. associate with Mark Anthony Duke, J.W.'s boyfriend, because they felt he was dangerous and involved in gang activity. J.W. rebelled against her parents' authority and snuck out to spend time with Duke.

    Morris Horton, one of J.W.'s foster parents, testified that while J.W. was in his home, she told him that she made up the story of sexual abuse in order to get out of her house.

    Walker filed a written motion for new trial and motion for judgment of acquittal. The trial judge held a hearing and denied the motions.



EXHIBIT C

I.

Walker argues that the trial court committed reversible error in excluding from evidence a letter written by J.W., the victim, to her boyfriend, Mark Duke. Walker also argues that the tardy disclosure of the letter was a Brady violation. Brady v. Maryland, 373 U.S. 83 (1963). J.W. wrote the letter to Duke on May 15, 1997, months after J.W. made these allegations against her father. In the letter, J.W. stated that she hated her parents and wished that they were dead. J.W. wrote that she did not want Duke to get into more trouble, so she would be the one to kill or hurt her father if she wanted that done. J.W. also stated that it was her father's fault that she and Duke were apart from each other.

Walker contends that the letter provided substantial evidence of bias and prejudice, that it gave a motive for J.W. to falsely accuse Walker of sexual abuse, and that the trial court erred by not admitting the letter at trial. The trial court excluded the letter due to Walker's tardy production of the letter to the State. Before trial, the State filed a Request for Production of Documents, and requested all documents in the possession, custody or control of the defendant that the defendant intended to introduce into evidence at the trial.[1] Walker obtained a copy of the letter on Friday, December 10, 1999, via facsimile from the Shelby County District Attorney's Office. Walker provided the State with a copy of the proposed exhibit on the morning of the trial, Monday, December 13, 1999.

During the trial, the State objected to the letter being admitted into evidence, because the letter was not provided until the morning of trial. Defense counsel acknowledged, I know I'm under a duty under the rules to provide the State with any evidence that I intend to use." (R. 50.) Defense counsel argued, however, that he did not receive the letter until Friday afternoon before trial on Monday morning. The trial court ruled that if the letter had not been exchanged it was not to be admitted into evidence. It was within the trial court's discretion to decide whether the letter was allowed to be admitted into evidence at the trial. Brown v. State, [Ms. CR-99-1713, December 1, 2000] ___ So.2d ___, ___ (Ala. Crim. App. 2000). The trial court did not abuse its discretion by denying Walker's motion for new trial on this ground, because defense counsel failed to comply with the trial court's order regarding the exchange of proposed exhibits before trial.

Moreover, even if we had found that the trial court erred, any error would have been harmless. Walker's attorney requested and was permitted to cross-examine J.W. about the contents of the letter. There was no injury or prejudice to the defendant due to the fact that the letter was not admitted into evidence. Therefore, if we had found that the trial court erred, and we do not, any error would have been harmless.

---

[1] Although the record is unclear with regard to the trial court's ruling on the State's Request for Production, we can infer from the record that the request was granted. During the trial, both the State and Walker referred to the State's discovery request, and the obligation to exchange exhibits before trial. The only notation in the record referencing a ruling on the State's discovery request is on November 10, 1999. The notation reads, "Motion for production and disclosure." On December 1, 1999, there is a notation that a copy of "above order" was sent to the defendant and defendant's counsel (C. 3.); however, this order is not contained in the record.
It can also be inferred from the record that there were untranscribed discussions between the court and the parties during which the motions were granted.

2

Walker also contends that the letter was exculpatory evidence and the prosecutor knew of its existence. Therefore, Walker argues, under Brady v. Maryland, 373 U.S. 83 (1963), the State was required to produce the letter before the day of trial. First, the State and defense were both on notice that the letter existed at a hearing six weeks prior to trial.

> The term suppression means non-disclosure of evidence that the prosecutor, and not the defense attorney, knew to be in existence. The concept of suppression implies that the Government has information in its possession of which the defendant lacks knowledge and which the defendant would benefit from knowing.

Minor v. State, [Ms. CR-95-1968, October 29, 1999] ___ So.2d ___, ___ (Ala. Crim. App. 1999)(internal citations and quotation marks omitted), rev'd on other grounds, [Ms. 1990235, June 2, 2000] ___ So.2d ___ (Ala. 2000).

Second, the letter was not in the possession of the Chilton County district attorney's office. It was in the Duke file at the Shelby County district attorney's office. "As a general rule, the government need not disclose evidence available to the defense from other sources or evidence that the prosecution could not reasonably be imputed to have knowledge of or control over." Hardy v. State, [Ms. CR-95-0589, March 26, 1999] ___ So.2d ___, ___ (Ala. Crim. App. 1999)(internal citations omitted). A prosecutor is not expected to search for criminal records outside his jurisdiction in areas he would not reasonably have control over. Id. at ___. Therefore, in the present case, there was no Brady violation because the letter was reasonably available to the defense from other sources.

II.

Second, Walker argues that there was no adequate waiver of his right to trial by jury as required by Rule 18.1(b)(1), Ala.R.Crim.P., which states in pertinent part:

> "When the defendant is tried in circuit court other than on appeal for trial de novo, waiver of the right to trial by jury must be made by the defendant in writing or in open court upon the record and with the consent of the prosecutor and the court. Before accepting a waiver, the court shall address the defendant personally in open court and shall advise the defendant of his or her right to a trial by jury, and shall ascertain that the waiver is knowing, voluntary, and intelligent."

Walker first raised this claim in a motion for new trial. This Court has previously held that a claim that the trial court failed to determine that a defendant's waiver of a jury trial was knowingly, voluntarily, and intelligently made was not preserved for review unless an objection had been made in the trial court. Powers v. State, 723 So.2d 735, 738-39 (Ala. Crim. App. 1996)(on return to remand)(quoting Spradley v. State, 414 So.2d 170, 172-73 (Ala. Crim. App. 1982).

Because Walker raised this claim for the first time in a motion for new trial, and not at trial by a proper, timely objection, the claim has not been preserved for appellate review. "Timely objections must be made to preserve an assignment of error for appellate review, and the objection should be made as soon as the objectionable ground becomes apparent. Leverett v. State, 462 So.2d 972 (Ala.Cr.App.1984)." Perkins v. State, 715 So.2d 888, 894 (Ala. Crim. App. 1998).

> "'[A] motion for a new trial ... is not sufficient to preserve the issue where no timely objection was made at the time the evidence was offered and admitted.'" Smith v. State, 756 So.2d 892, 905 (Ala.Cr.App. 1998), aff'd, 756 So.2d 957 (Ala.2000) quoting Newsome v. State, 570 So.2d 703, 717 (Ala.Cr.App.1989); Baker v. State, 683 So.2d 1, 2 (Ala.Cr.App.1995)("'The grounds urged for a new trial must ordinarily be preserved at trial by timely and sufficient objections.'")."

Mester v. State, 755 So.2d 66, 69 (Ala. Crim. App. 1999).

3

Because Walker did not timely raise his objection to the allegedly improper waiver of his right to a jury trial, this claim has not been preserved for review.

III.

Third, Walker argues that the trial court erred in denying his motion for new trial, in which he alleged that his appointed trial counsel was ineffective. Specifically, Walker asserts that his trial counsel failed to present considerable and substantial evidence tending to exculpate Walker, and because he failed to impeach the credibility of the alleged victim. To prove an ineffective assistance of counsel claim, a two-prong test must be met:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or a death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

> It is well settled that a decision on a motion for new trial rests largely within the discretion of the trial court, and that in reviewing such a decision this Court will indulge every presumption in favor of the correctness thereof. A trial judge's denial of a motion for new trial will not be disturbed on appeal in the absence of a showing of abuse of discretion.

Wright v. State, 740 So. 2d 1147, 1150 (Ala. Crim. App. 1999)(internal citations and quotation marks omitted). "The court's ruling on a motion for new trial will be upheld unless it is clearly erroneous." Stanberry v. State, [Ms. CR-99-1732, December 22, 2000] ___ So. 2d ___, ___ (Ala. Crim. App. 2000)(internal citation omitted).

Walker asserts that his trial counsel's cross-examination of J.W. concerning the contents of the letter she wrote to Mark Duke was ineffective and constitutionally inadequate. Walker contends that defense counsel asked only six questions regarding the letter, each of which called for a yes or no answer. He also argues that defense counsel never attempted to establish that J.W.'s letter stated that she wanted her parents dead or her mentioned her "erotic desire" for Duke.

Walker must show not only that counsel's performance was deficient. He must also show that the result of the trial would have been different with a more vigorous cross-examination of J.W. in order to show prejudice. Strickland v. Washington, 466 U.S. 668, 694 (1984). During the cross-examination, defense counsel asked J.W. if she was upset with her father because he was interfering with her love life. He also asked J.W. if she stated in the letter that she was upset enough to want her father dead, and she answered in the affirmative to both questions. The cross-examination covered the main points of the letter. We find that the cross-examination, though brief, was not deficient and it resulted in no prejudice to Walker.

As to the claim raised in the post-trial motion, that defense counsel failed to present a host of additional facts, we note that counsel called several character witnesses to demonstrate J.W.'s reputation for lying. The trial judge was in the best position to weigh the credibility of all the witnesses, and Walker has failed to demonstrate how any additional testimony would have changed the outcome of the trial. Furthermore, the additional evidence that Walker argues on appeal includes

4

mainly hearsay and claims that are asserted by J.W. with no other evidence to support them. Trial counsel's decision to not present evidence of the additional facts now alleged did not constitute deficient performance, as described in Strickland v. Washington, 466 U.S. 668 (1984). Moreover, Walker has failed to show that the outcome of the trial would have been different if the additional evidence had been presented. Therefore, the trial judge did not abuse its discretion by denying Walker's motion for new trial.

For the foregoing reasons, the judgment of the Circuit Court of Chilton County is affirmed.

AFFIRMED.

McMillan, P.J., and Baschab, Shaw and Wise, JJ., concur.