FILED
JAN 3 0 2003
CLERK
ALA COURT CRIMINAL APPEALS

FILED
2005 Mar 14 PM 01:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

NO. CR-01-2524

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JAMES WILBERT WALKER, JR,

APPELLANT,

V.

STATE OF ALABAMA,

APPELLEE.

A POST-CONVICTION PROCEEDING

ON APPEAL FROM THE CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA,
(NO. CC-97-239.60)

BRIEF AND ARGUMENT

OF

WILLIAM H. PRYOR JR.
ATTORNEY GENERAL

AND

JOSEPH G. L. MARSTON, III
ASSISTANT ATTORNEY GENERAL

ATTORNEYS FOR APPELLEE

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300



EXHIBIT

H

## STATEMENT REGARDING ORAL ARGUMENT

The appellant does not request oral argument, neither does the appellee.

# TABLE OF CONTENTS

PAGE

STATEMENT REGARDING ORAL ARGUMENT...................ante, i

TABLE OF CASES......................................

TABLE OF RULES OF COURT.............................

STATEMENT OF JURISDICTION...........................

STATEMENT OF THE CASE ..............................

STATEMENT OF ISSUE PRESENTED........................

STATEMENT OF THE FACTS..............................

     I. ON THE TRIAL...............................

     II. ON THE MOTION FOR A NEW TRIAL.............

     III. ON THE POST-CONVICTION HEARING..........

STANDARD OF REVIEW..................................

SUMMARY OF THE ARGUMENT.............................

ARGUMENT............................................

CONCLUSION..........................................

CERTIFICATE OF SERVICE..............................

TABLE OF CASES

PAGE(S)

*Brady v. Maryland*,
    373 U.S. 83(1963)...........................

*Duke v. State*,
    2002 WL 1145829 (Ala. Crim. App. May 31, 2002).......

*Ex parte James Walker*,
    8th. case, 829 So. 2d 203 (Ala. 2001)............

*James Walker v. State*,
    No. CR-99-1730................................

*Stricker v. Greene*,
    527 U.S. 263, at 281 (1999)......................

TABLE OF STATUTES

PAGE(S)

Code Of Alabama, (1975),

    Title 13A, Section 13A-5-6.........................

            Section 13A-6-62.........................

            Section 13A-6-64..........................

            Section 13A-13-3.........................

TABLE OF RULES OF COURT

PAGE(S)

Alabama Rules of Criminal Procedure,

    Rule 32.........................................

    Rule 32.2.......................................

## STATEMENT OF JURISDICTION

This is a criminal case.

NO. CR-01-2524

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JAMES WILBERT WALKER, JR,

APPELLANT,

V.

STATE OF ALABAMA,

APPELLEE.

A POST-CONVICTION PROCEEDING

ON APPEAL FROM THE CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA,
(NO. CC-97-239.60)

---

BRIEF AND ARGUMENT OF APPELLEE, THE  STATE OF ALABAMA

---

## STATEMENT OF THE CASE

The appellant, James Wilbert Walker, Jr, was indicted at the August, 1997, Term of the Grand Jury of Chilton County, Alabama, for two counts each of rape in the second

degree[1], sodomy in the second degree[2], and incest[3]. (D.A.[4]

C. pp. 48-50)

On September 9, 1997, Walker, attended by his

attorney, Mr. David B. Karn, Esq, was arraigned on the

indictment and pleaded not guilty. (D.A. C. p. 2)

On November 1, 1999, Walker waived trial by jury.

(D.A. C. p. 3)

On December 13, 1999, the cause came on for trial

before the Honorable Sibley Reynolds, a Circuit Judge.

Walker was attended by his attorney, Mr. Karn. The State

was represented by District Attorney Janice Clardy, Esq,

and her assistant, Ms. Jennifer Jordan, Esq. (D.A. C. p. 3

and R-2)

It was undisputed that the victim, J.R.W, had

repeatedly reported sexual abuse by Walker and then

---

[1] Code Of Alabama, (1975), Section 13A-6-62(a)(1), appendix.

[2] Ibid, Section 13A-6-64(a)(1), appendix.

[3] Ibid, Section 13A 13-3(a)(1), appendix.

[4] "D.A." refers to the record on appeal in Walker's direct
appeal of his conviction, *James Wilbert Walker, Jr. v.
State*, CR-98-0468, on the docket of this Honorable Court.

2

recanted the reports, and then recanted the recantations. (*E.g.* D.A. R-20-58)

On hearing the evidence and argument of counsel, Judge Reynolds found Walker guilty of two counts of rape in the second degree, two counts of sodomy in the second degree, as charged in the indictment. However, Judge Reynolds found Walker not guilty of incest. Walker was adjudged guilty in accordance with the verdict. (D.A. C. p. 3 and 5, and R-180-181)

On April 5, 2000, Walker, was sentenced to fifteen years imprisonment[5] for each of his four convictions, to be served concurrently. (D.A. C. pp. 5-7 and R-182-189.)

On April 27, 2000, new counsel, Mr. William M. Bowen, Esq. appeared for Walker and filed a motion for a new trial, raising, *inter alia*, claims of ineffective assistance of counsel, based on the proposition that Walker's trial attorney could have done more investigation and introduced more evidence of recantations to impeach the victim, J.R.W, and alleged violation of the Alabama Rules

---

[5]. Ibid, Sections 13A-5-6(a)(2), 13A-6-62(b), and 13A-6-64(b), appendix.

3

of Criminal Procedure relative to Walker's waiver of trial by jury. (D.A. C. pp. 28-37) Hearings were held on the motion on June 2, 2000, and August 18, 2000. The motion was denied. (D.A. C. p. 4 and R-191-232)

Appeal followed. (D.A. C. p. 24)

On appeal, Walker was represented by Mr. Bowen. Appellate Counsel raised the following claims on appeal that: (A). The trial judge allegedly erred in allowing the defense to cross-examine the victim at length about a letter she wrote to a boy-friend, Mark Duke (Hereinafter referred to as "the Duke letter".), but disallowing the actual introduction of the letter. The Duke letter indicated a strong bias by the victim against her father, Walker. (B). There was an alleged violation of the rule of *Brady v. Maryland*, 373 U.S. 83(1963), because the Duke letter was not disclosed to the defense until six weeks before trial. (C). There was alleged impropriety under the Alabama Rules of Criminal Procedure in Walker's waiver of trial by jury. (D). There was alleged ineffective assistance of Trial Counsel in that Walker's trial attorney could have done more investigation and introduced more evidence of recantations to impeach the victim, J.R.W.

4

On April 4, 2001, Mr. William E. Swatek, Esq, appeared as additional counsel for Walker.

On April 20, 2001, this Honorable Court affirmed Walker's convictions and sentence with an unpublished memorandum opinion. *James Walker v. State*, No. CR-99-1730.

On May 4, 2001, Walker applied for rehearing. On application for rehearing, Walker abandoned all of the claims raised on original submission, except his claim relating to the propriety of his waiver of trial by jury.

On May 18, 2001, Walker's application for rehearing was overruled.

On May 23, 2001, Mr. Bowen was allowed to withdraw as counsel for Walker.

On June 4, 2001, Walker petitioned the Alabama Supreme Court for a writ of certiorari, raising only the waiver of trial by jury issue.

On June 12, 2001, the Attorney General, on behalf of the State, filed an initial reply brief in the Alabama Supreme Court, pointing out that Walker alleged no proper basis for his petition.

On August 31, 2001, the Alabama Supreme Court denied certiorari. *Ex parte James Walker*, 8th. case, 829 So. 2d

5

203 (Ala. 2001). On the same date, the Alabama Supreme
Court and this Court issued certificates of judgment.

On January 23, 2002, Mr. William R. Hill, Esq, appeared
for Walker and filed a petition for post-conviction relief
under Rule 32, A.R.Cr.P. (C. pp. 3-10) The grounds raised
were: (1). That the prosecution had allegedly failed to
inform the defense about an instance in juvenile court,
where the victim, J.R.W, had recanted her claim of sexual
abuse at the hands of Walker but, when advised that she
could be prosecuted for perjury recanted her recantation.
This was said to be a violation of the rule of *Brady v.
Maryland*, 373 U.S. 83(1963.) (2). Ineffective assistance of
counsel based on the proposition that Walker's trial
attorney could have done more investigation and introduced
more evidence of recantations to impeach the victim, J.R.W.
(C. p. 10)

On June 24, 2002, District Attorney Randall V. Houston,
Esq. and his assistant, Mr. Walter C. Hayden III, Esq,
appeared for the State and moved to dismiss the petition on
the grounds that both of the claims presented were
precluded under Rule 32.2(a)(2) & (4), A.R.Cr.P. Walker's
first claim was merely a variation on the undisputed

6

evidence at trial that the victim had repeatedly reported and recanted her claim of sexual abuse by Walker, and his second claim was the exact claim he had raised on motion for a new trial and appeal.

The evidence at the post-conviction hearing on June 27, 2002, failed to support the allegations of the petition and largely contradicted them. (R-4-108)

On September 2, 2002, Judge Reynolds issued an order setting out the evidence and granting the State's motion to dismiss. (C. p. 21)

This appeal follows. (C. pp. 22-23)

## STATEMENT OF ISSUE PRESENTED

Does a trial judge err in dismissing a petition for post-conviction relief, which contains only precluded claims, which were not proved by the petitioner?

## STATEMENT OF THE FACTS

The appellee's statement of the facts is supplemental to and in correction of Walker's statement of the facts.

## I. ON THE TRIAL

The evidence in this case consisted of the testimony of the victim, J.R.W, and Walker, and evidence relating to J.R.W.'s character. It is sufficient to note that, if J.R.W.'s testimony is credited, then Walker is guilty.

J.R.W. testified that, when she was thirteen years of age, and for a substantial period before that date, Walker, her father, regularly had sexual intercourse with her, as well as oral sodomy. She testified that this occurred at the family home in Chilton County. As a result of her report of this abuse she and her sister were removed from the home. (D.A. R-7-20, 58-65, and 68-69)

It was undisputed that J.R.W. had on several occasions made reports of sexual abuse by Walker and then recanted them. (D.A. R-20-58)

Ms. Dawn Key is a counselor at Family Connections, a residential home for troubled children, where J.R.W. resided for nearly a year. This was an unusually long stay at the home. The reason for J.R.W.'s prolonged stay was the

8

difficulty in finding a placement for her, due to her misbehavior, which included lying. Ms. Key testified that J.R.W. exhibited all of the symptoms of an abused child. These symptoms included lying. Ms. Key testified that J.R.W. was consistent in her allegations against her father, while Ms. Key was counseling her. Ms. Key also testified that J.R.W. received little support from her family during this time, and that J.R.W.'s mother would visit J.R.W.'s sister but shun J.R.W.  The sister blamed J.R.W. for their being in foster care, and pressured her sister to recant. (D.A. R-70-77)

The defense submitted a number of witnesses who testified to J.R.W.'s lying and pursuing boys. (D.A. R-82-124)

J.R.W.'s mother testified for Walker, and stated that she had no reason to believe that her husband was abusing his daughter. (D.A. R-124-157)

Walker testified that he had never abused J.R.W. He claimed that J.R.W. made the allegations as revenge for his not letting her date and breaking up her relationships with various boys. (D.A. R-157-178)

9

## II. ON THE MOTION FOR A NEW TRIAL

Although there was extensive argument, except for an *ex parte* deposition by J.R.W.'s sister, (D.A. C. pp. 71-87), no evidence was offered at the hearings on the motion for a new trial. (D.A. R-191-232)

## III. ON THE POST-CONVICTION HEARING.

At the post-conviction hearing, the pattern of report and recantation by the victim, J.R.W, which was established at trial, was clarified.

J.R.W. testified that the first time she reported molestation by Walker she was twelve. As a result of this, a Ms. Bates, a social worker with the Department of Human Resources, came to her home to remove her. J.R.W, however, recanted in order to prevent the removal. (R-15-19) "...A counselor was sent, but I recanted... ." (R-19) This began a pattern, with J.R.W. generally insisting that her father, Walker, molested her, except when she wanted to return to her parents' home, then she would recant. (R-54)

About a year after the first instance of report and recantation, J.R.W. began a relationship with an older teenager named Mark Duke. See *Duke v. State*, 2002 WL 1145829 (Ala. Crim. App. May 31, 2002). J.R.W.'s parents

10

objected to her relationship with Duke, but J.R.W.
continued to see him. On one occasion, J.R.W. forged her
mother's signature on a note in order to avoid taking the
school bus home. She met Duke. Her mother, "...beat the
living crap out of me... ." (R-13) The next day, at school,
she reported the beating and accused her father of
molesting her.  This time, she stuck by her accusation and
was removed from the home. (R-10-15, 19-22, and 44-47)

Although J.R.W's. motive for her accusations against
Walker is claimed to be her desire to be with Duke, she
remained in foster care for three and a half to four years,
during which time she could have no contact with Duke. (R-
34 and 47)

J.R.W. recanted her accusations against Walker to a
counselor, a Mr. Bowman. She testified:

> ...Q. [By Walker's Attorney] Why did you tell Mr.
> Bowman that?
>
> A. *Because I wanted to go home*. I mean, because it
> wasn't true, which I told him that, but I wanted
> to go home. I got tired of being in DHR's custody.
>
> Q. Now, you raise an interesting point there. At
> any time did you recant what you said about your
> father to gain any advantage?
>
> A. No, other than just to go home... ." (R-26;
> emphasis supplied.)

11

J.R.W. arranged for DHR to release her to her parents'
custody, because she, "...was ready to go home... ." (R-34)

At one point, J.R.W. told her lawyer and a prosecutor
that her accusations against her father were untrue.
Specifically, "...I told them that it was not true and that
I wanted to go home... . (R-37) The attorneys advised her
that lying under oath constituted perjury. (R-35-38 and 53-
55)

Since Walker's 1999 trial, J.R.W. has married and had a
daughter. (R-5) She testified, "...I've had quite a bit of
contact with my mom and my dad... ." (R-38)

However, her relationship with her husband has become
abusive. (R-41, and 102-103)

Therefore, following the established pattern, she wants
to take her daughter home to her abusive parents and
recantation is the ticket home.

Walker's trial counsel testified that, in addition to
his own efforts, he had the assistance of another attorney,
Mr. James Roberts, Esq. and, "...a couple of retired FBI
Agents... ." (R-56) On the *Brady v. Maryland*, 373 U.S.

12

83(1963) claim raised in the petition, the attorney

testified:

> ...Q. Let me ask you this. Did you ever—Did the State ever advise you that Jennifer Walker [J.R.W.] had recanted to one of the assistant district attorney's?
>
> A. I seem to recall there being a conversation. I don't remember with who. I thought maybe that conversation took place with [Assistant District Attorney] Jennifer [Jordan]. Her response was more like, well—
>
> Q. Which Jennifer are we talking about?
>
> A. Jennifer Jordan. Her response was more like, well, I don't care what she says now. I'm going forward with the prosecution. That was her—she probably didn't use words to that affect, but that was the general—
>
> Q. Specifically did Jennifer Jordan ever tell...[you that] Jennifer Walker had recanted her statement to Jennifer Jordan?
>
> A. I can't specifically say. Due to the fact that the letter was out there and *it was just kind of – it became generally accepted knowledge from the defense standpoint that, yes she had recanted her testimony along the way*... .    (R-71-72; emphasis supplied.)

(R-56-79

## STANDARD OF REVIEW

At issue in this appeal are only questions of law. The

standard of review is *de novo*.

13

## SUMMARY OF THE ARGUMENT

The *Brady v. Maryland*, 373 U.S. 83(1963) claim raised in Walker's post-conviction petition failed to state a claim, because it was based on an alleged failure of the prosecutors to inform the defense of cumulative evidence of a matter proved and undisputed at trial. This claim was simply a variation on the defense presented at trial. Therefore, it was precluded.

Walker's ineffective assistance of counsel claim was the same claim of ineffective assistance of counsel which was raised and rejected on motion for a new trial and appeal. Therefore, this claim was precluded.

The Judge's order dismissing Walker's post-conviction petition was adequate.

## ARGUMENT

The *Brady v. Maryland*, 373 U.S. 83(1963) claim raised in Walker's post-conviction petition alleged that the State suppressed cumulative evidence on a point, which was undisputed at trial. Obviously, even if the prosecutors had neglected to inform defense counsel about J.R.W.'s recantation to the prosecutor, "...the nondisclosure was not so serious that there is a reasonable probability that

14

the suppressed evidence would have produced a different verdict... ." *Stricker v. Greene*, 527 U.S. 263, at 281 (1999). The petition on its face alleged no *Brady* violation. Moreover, Walker offered no evidence that the prosecutors, in fact, neglected to inform the defense of this recantation. This claim was simply an effort to re-visit the defense trial evidence. Rule 32.2, A.R.Cr.P, which relates to preclusion of remedy, provides in pertinent part, as follows:

> (a) **Preclusion of Grounds**.  A petitioner will not be given relief under this rule based upon any ground:...
>
> (2) Which was raised or addressed at trial; or... .

Under Rule 32.2(a)(2), A.R.Cr.P, this claim is precluded.

Walker's second post-conviction claim is the identical claim he raised on motion for a new trial and on appeal. The claim was rejected in the original litigation. Rule 32.2, A.R.Cr.P, above, also provides:

> (a) **Preclusion of Grounds**.  A petitioner will not be given relief under this rule based upon any ground:...
>
> (4) Which was raised or addressed on appeal or in any previous collateral proceeding; or... .

Therefore, this claim is precluded under Rule 32.2(a)(2)

15

and (4).

On appeal, Walker complains that the Trial Judge did not make findings. There is, however, no particular form for post-conviction orders. A judicial order addresses the case *sub judice* in the posture framed by the pleadings. The pleadings in this case were Walker's petition and the State's motion to dismiss, which raised preclusion. The Trial Judge set out the evidence he considered, and *dismissed* the petition. This reflected a finding that Walker had not carried his burden of pleading and proving a basis for post-conviction relief. The order was sufficient and patently correct.

16

## CONCLUSION

In conclusion, the appellee, the State of Alabama, respectfully submits that there is no error in the record, and the appellee prays that the judgment of the Honorable Circuit Court of Chilton County in this case be affirmed.

Respectfully submitted,

WILLIAM H. PRYOR JR.
PRY002
ATTORNEY GENERAL
BY:

JOSEPH G. L. MARSTON, III
Mar032
ASSISTANT ATTORNEY GENERAL

ATTORNEYS FOR THE STATE
OF ALABAMA, APPELLEE

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300

17

**APPENDIX**

<u>**CODE OF ALABAMA**</u>, (1975)

**TITLE 13A**

**Section 13A-5-6.   SENTENCES OF IMPRISONMENT FOR FELONIES.**

(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:

(1) For a Class A felony, for life or not more than 99 years or less than 10 years.

(2) For a Class B felony, not more than 20 years or less than 2 years.

(3) For a Class C felony, not more than 10 years or less than 1 year and 1 day.

(4) For a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 20 years.

(5) For a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 10 years.

(b) The actual time of release within the limitations established by subsection (a) of this section shall be determined under procedures established elsewhere by law.

**Section 13A-6-62. RAPE IN THE SECOND DEGREE.**

(a) A male commits the crime of rape in the second degree if:

(1) Being 16 years old or older, he engages in sexual intercourse with a female less than 16 and more than 12 years old;  provided, however, the actor is at least two years older than the female.

(2) He engages in sexual intercourse with a female who is incapable of consent by reason of being mentally defective.

19

(b) Rape in the second degree is a Class B felony.

**Section 13A-6-64. SODOMY IN THE SECOND DEGREE.**

(a) A person commits the crime of sodomy in the second degree if:

(1) He, being 16 years old or older, engages in deviate sexual intercourse with another person less than 16 and more than 12 years old.

(2) He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being mentally defective.

(b) Sodomy in the second degree is a Class B felony.

**Section 13A-13-3. Incest.**

(a) A person commits incest if he marries or engages in sexual intercourse with a person he knows to be, either legitimately or illegitimately:

(1) His ancestor or descendant by blood or adoption; or

(2) His brother or sister of the whole or half-blood or by adoption; or

(3) His stepchild or stepparent, while the marriage creating the relationship exists; or

(4) His aunt, uncle, nephew or niece of the whole or half-blood.

(b) A person shall not be convicted of incest or of an attempt to commit incest upon the uncorroborated testimony of the person with whom the offense is alleged to have been committed.

(c) Incest is a Class C felony.

20

## CERTIFICATE OF SERVICE

I, Joseph G. L. Marston, III, Assistant Attorney General of Alabama and one of the attorneys for the State of Alabama, the appellee in this cause, do hereby certify that on this the 30$^{th.}$ day of January, 2003, I did serve copies of the foregoing on the attorney* for the appellant, and his former attorneys**  by mailing the same to them, first class postage prepaid and addressed as follows:

        Mr. William R. Hill, Esq.*
        Attorney At Law
        Post Office Box 1106
        Clanton, Alabama, 35046

        Mr. William E. Swatek, Esq.**
        Attorney At Law
        230 Bearden Road
        Pelham, Alabama, 35124

        Mr. William M. Bowen, Jr, Esq.**
        Attorney at Law
        White, Dunn, & Booker
        Suite 600
        2025 Third Avenue, North
        Birmingham, Alabama, 35203

        Mr. David B. Karn, Esq.**
        Attorney At Law
        401 Lay Dam Road
        Clanton, Alabama, 35045

21

Mr. James E. Roberts, Esq.**
Attorney At Law
Post Office Box 370004
Birmingham, Alabama, 35237-0004



JOSEPH G. L. MARSTON, III
MAR032
ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300


NUMBER 89386

22