FILED
2005 Mar-14 PM 01:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF ALABAMA

| | |
|---|---|
| JAMES WILBERT WALKER, JR., ) | |
| ) | |
| *Appellant*, ) | |
| ) | |
| vs. ) | Crim. App. No. CR 01-2524 |
| ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| *Appellee*. ) | |

## APPLICATION FOR REHEARING

COME NOW the above-named Appellant, JAMES WILBERT WALKER, JR., ("WALKER"), by and through counsel of record, pursuant to ARAP 40 and file this his Application for Rehearing the Court's Memorandum Order issued on March 14, 2003 in the above-styled case. In support of his application, WALKER avers as follows:

1. That the Memorandum decision issued by this Court in the above-styled case contains both factual errors and errors of law that significantly affect the underlying reasoning used by the Court in affirming the trial court's holdings.

BASED UPON the foregoing and upon the attached Brief in Support, WALKER requests that this Honorable Court vacate the memorandum decision issued on March 14, 2003 and issue a new order correcting the errors of the trial court, granting WALKER relief from the erroneous trial court Order dated September 2,

EXHIBIT
J

2002 dismissing his Rule 32 Application and grant him the relief requested in said petition, as well as granting such other and further relief as this Court may deem proper in this case.

RESPECTFULLY SUBMITTED on this the 28th day of March, 2003.

William R. Hill, Jr.
*Attorney for Appellants*
504 2nd Avenue South
P.O. Box 1106
Clanton, Alabama 35046
(205) 280-3117

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF ALABAMA

| | |
|---|---|
| JAMES WILBERT WALKER, JR., | ) |
| | ) |
| *Appellant*, | ) |
| | ) |
| vs. | ) Crim. App. No. CR 01-2524 |
| | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| *Appellee*. | ) |

**BRIEF IN SUPPORT OF
APPLICATION FOR REHEARING**

COMES NOW the above-named Appellant, JAMES WILBERT WALKER, JR., ("WALKER"), in and by counsel of record and files this brief in support of his Application for Rehearing the Court's memorandum decision issued on March 14, 2003. In support of his Application, WALKER avers as follows:

I. **WALKER'S CONVICTION IS DUE TO BE OVERTURNED BASED UPON THE BLATANTLY UNCONSTITUTIONAL ACTIONS COMMITTED BY THE STATE IN ITS EFFORTS TO OBTAIN A CONVICTION.**

In dismissing WALKER's Rule 39 petition, the trial court totally ignored the illegal and unconstitutional efforts put forth by the State in order to obtain the underlying

1

conviction. The undisputed evidence presented by WALKER to the Chilton County trial court shows that the prosecutor handling the trial not only knew that the alleged victim had recanted to a whole host of individuals, but also personally heard Jennifer Walker recant. Furthermore, not only did Ms. Jordan fail or refuse to mention this material fact to defense counsel, but in her desire to obtain a conviction at all costs went even further, forcing Jennifer Walker to withhold this information from the court during trial under threat of prosecution for perjury [C.15; R.37-8]. Not only is this action a mere suppression of evidence in violation of Brady and denial of WALKER's due process rights, but it is also a egregious violation of ARPC §§ 3.3(a)(3) [prohibition against an attorney offering evidence known to be false], 3.4(a) {prohibition against an attorney actively concealing or obstructing the obtaining of evidence] &(b) [prohibition against an attorney inducing a witness to testify falsely], and 3.8(1)(d) [prohibition against a prosecutor willfully failing to make a timely disclosure of any information negating the guilt of an accused], as well as ALA. CODE § 13A-10-124(a)(1) [witness tampering].

2

While it may be true that prior counsel for WALKER was fortunate enough to discover on his own that Jennifer Walker had recanted her story to other individuals, such fortune does not eliminate the taint of the actions of the State immediately prior to and during trial of this matter. As noted throughout the testimony during the Rule 32 evidentiary hearing, Jennifer Walker's original intent was to recant during trial [C.15-6;R.19-20]but that she was bullied and threatened with a perjury prosecution by the State not to change her original story [C.15-6;R.36-8].

Furthermore, WALKER respectfully would point out to this Court that the Carr holding would not apply to the actions committed by the State in suppressing any recantation. As noted by the Court in its memorandum order dated March 14, 2003, Carr states that there can be no suppression by the State "of evidence already known by and available to the defendant prior to trial." Carr v. State, 505 So.2d 1294, 1297 (Ala. Crim. App. 1987). WALKER would further respectfully point out, however, that there is no possible way he knew or should have known of Ms. Jordan's improper attempts to prevent his daughter from recanting her story during the trial unless the State admitted

3

such to either him or his attorney which they did not do. The undisputed evidence before the trial court showed that WALKER was completely unaware of these acts until his daughter admitted such to him a subsequent time after his conviction.

RESPECTFULLY SUBMITTED on this the 28$^h$ day of March, 2003.

_____
William R. Hill, Jr.
*Counsel for Appellant*

4

| | |
|---|---|
| JAMES WILBERT WALKER, JR., | TO:   The Clerk of the Court of Criminal Appeals of Alabama |
| *Appellant* | |
| vs. | Case No. CR 01-2524 |
| STATE OF ALABAMA, | Clerk's certificate of completion: <u>12/06/2002</u> |
| *Appellee* | |

I certify that I have on this date served a copy of the foregoing Application for Rehearing and Brief in Support on the Office of the Attorney General for the State of Alabama on this date.

DATED this 28th day of March, 2003.

_____
William R. Hill, Jr.
*Counsel for Appellant*

5