FILED
2005 Mar-15 AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2005 MAR 14 PM 3:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| James Wilbert Walker, Jr., ) | |
| ) | |
| Defendant/Petitioner, ) | |
| ) | |
| vs., ) | CASE NO. CV05-BE-0150-S |
| ) | |
| Billy Mitchum, warden, and ) | |
| The Attorney General of the ) | |
| State of Alabama ) | |
| ) | |
| Respondent. ) | |

## MOTION TO SET ASIDE PERIOD OF LIMITATION DUE TO FUNDAMENTAL MISCARRIAGE OF JUSTICE AND ACTUAL INNOCENCE.

Comes now the Petitioner in the above styled cause by and through the undersigned Attorney and in response to the State of Alabama's Answer of February 22, 2005, ask this Court to set aside applying the limitation period that would facilitate a fundamental miscarriage of justice as to the petitioner's actual innocence.

1. The only evidence presented at trial was the testimony of the accuser, Jennifer Walker, who recanted to the allegations numerous times before the trial and continues to confirm that she fabricated the entire incident between her and the the petitioner in order to get out of her house.

2. These incidents of recantation are as follows:

   a   Mark Duke, her then boyfriend who was the ultimate cause of tensions

        between her and the Petitioner leading to the allegations of sexual abuse against the Petitioner [R.27-30];

    b.    her younger sister Crystal [R.44];

    c.    Tim Bowen, her counselor at the Gateway home [C.15; R.26];

    d.    Elizabeth Moorehead, the Guardian ad Litem appointed by the Chilton County Juvenile Court [C.15; R.37, 53-54];

    e.    the Chilton County DHR investigators handling the Walker case [R.55]; and

    f.    Assistant District Attorney Jennifer Jordan who personally prosecuted the case [C.15-16; R.36-38].

3.    The Prosecutor, Jennifer Jordan, not only knew of the recantation personally before prosecuting the case, but she failed to disclose this evidence to the Petitioner and threatened the Accuser with a possibility of perjury if she repeated her recantation again before trial.

4.    This is an egregious violation of ARPC § 3.3(a)(3) and (b) [prohibition against an attorney actively concealing or obstructing the obtaining of evidence, and prohibition against an attorney inducing a witness to testify falsely], and 3.8(1)(d) [prohibition against a prosecutor willfully failing to make a timely disclosure of any information negating the guilt of an accused].

5.    During the Rule 32 petition hearings, at no point did Jennifer Jordan come forward to deny the allegations that she failed to disclose evidence to the Petitioner or the Court that shows his actual innocence in this matter and she continued to facilitate

the lie of sexual abuse. She was absent throughout all appellate proceedings in which her character was in question. To this day, the Prosecutor has not denied the fact that she induced the Accuser to continue her lies of abuse or she would have her arrested for perjury. These are serious allegations that Jennifer Jordan has not seemed the need to answer to under the ARPC.

6. Due to the actual innocence of the Petitioner, it is a fundamental miscarriage of justice to allow the Petitioner to serve any more time for a crime that was never committed. The accusations were a fabrication of the Accuser's desires to leave from her parents home to be with her boyfriend and the Prosecutor fueled the accusations by not allowing the Accuser to tell the truth during trial by fear of perjury. This is a fundamental miscarriage of justice at the hands of a County Prosecutor.

7. The Petitioner has also passed a lie detector test as to his innocence in this matter.

8. During all of these appellate proceedings, the Petitioner has not had continuous representation. Instead, *pro bono* attorneys have become involved whenever he/she found interest in the fairness of the judicial process.

9. As pro bono Attorney for record at this time, this case has continued to be tossed around between counsel to counsel with the appellate process sometimes going forward pro se with no understanding as to the time frame. As a new Admittee to the Alabama Bar and this Federal Court it is the desire of this Attorney to seek justice that is not yet lost in our judicial process.

## CONCLUSION

**Wherefore**, the Petitioner prays that this Court will take under consideration the actual innocence of the Petitioner and the fundamental miscarriage of justice that the Chilton County Circuit Court has demonstrated towards the Petitioner and set aside the period of limitations in order to correct the wrong. No reasonable juror would have found the Petitioner to be guilty beyond a reasonable doubt had the recantation of the only evidence presented at trial been introduced into evidence or able to be known to the Petitioner. The ethical misconduct of the Prosecution is the miscarriage of justice.

Respectfully Submitted,

*/s/ Lindsay B. Erwin*

Lindsay B. Erwin (ERW005)
Attorney for Petitioner
101 Brisstol Lane
Birmingham, Alabama 35242
Telephone: (205) 408-0928

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the forgoing by placing the same in the United States Mail, postage prepaid and addressed as follows, this the 14th day of March, 2005:

Elizabeth Ray Butler
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, Alabama 36130-0152

*Lindsay B. Erwin* (signature)
Lindsay B. Erwin