FILED
2005 Apr-04 PM 01:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WILBERT WALKER, JR. )<br>)<br>PETITIONER, )<br>)<br>VS. )<br>)<br>)<br>BILLY MITCHEM, Warden; )<br>THE ATTORNEY GENERAL OF )<br>THE STATE OF ALABAMA, )<br>)<br>RESPONDENTS. ) | CIVIL ACTION NO.<br>05-BE-0150-S |

**RESPONSE TO WALKER'S MOTION TO SET ASIDE
THE 28 U.S.C. §2244(d) PERIOD OF LIMITATION**

Come now the Respondents in the above styled cause by and through the Attorney General of the State of Alabama and in response to this Court's order of March 15, 2005, to show cause why Walker's motion to set aside the period of limitation of §2244(d) should not be granted, makes the following response.

1. In his motion, Walker requests that the period of limitation be set aside to prevent a fundamental miscarriage of justice due to his claim that he is actually innocent. Walker essentially is requesting this Court to equitably

toll the period of limitation based on his claim that he is actually innocent and his failure to file a timely petition was through no fault of his own.

    2. Because §2244(d) is a statute of limitations and not a jurisdictional bar, it is subject to equitable tolling if a petitioner files an untimely habeas petition due to "extraordinary circumstances that are both beyond his control and are unavoidable." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling of the §2244(d) period of limitation is an extraordinary remedy to be applied "sparingly." Id. The Eleventh Circuit has not yet addressed the question of whether the period of limitations is to be equitably tolled in the case of a claim of actual innocence. Wyzykowski v. Dept. of Corrections, 226 F.3d 1213, 1218-1219 (11th Cir. 2000). Because Walker has failed to provide newly discovered evidence indicating that he is, in fact, actually innocent, this is not the case in which to determine that question.

    3. In Schlup v. Delo, 513 U.S. 298, 317 (1995), the United States Supreme Court held that in order to support a claim of actual innocence, a defendant must present new facts that "cast sufficient doubt upon [his] guilt to undermine the confidence in the result of [his] trial." *See also* Herrera v. Collins, 506 U.S. 390, 401-402 (1993). To make a showing of actual innocence, a defendant must show that in the light of the newly presented evidence, one who was actually innocent was convicted. *See* Sibley v.

Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004). Walker has not provided this Court with any "new facts" that he was not aware of before his trial and were not presented to the jury.

4. In his petition, Walker insinuates that the prosecutor withheld evidence of the victim's recantation of her accusation. Walker and his attorney, however, were aware of the victim's recantations *before* trial. The victim herself explained during her testimony at trial that she had recanted her accusation before the trial began but assured the jury that her accusations regarding Walker were, in fact, true. (Exhibit A, R. 20-58) Several witnesses testified that the victim was known to lie, including the victim's mother and sister, who both blamed the victim for the break-up of their family. (R. 70-77, 124-157) Accordingly, the fact that the victim recanted her testimony before trial and had a propensity to lie is not "newly discovered evidence."

5. The Alabama Court of Criminal Appeals thoroughly addressed Walker's assertion regarding the victim's recantation of her accusation in its order affirming his conviction on direct appeal and its order affirming the trial court's dismissal of his Rule 32 postconviction petition. In its April 20, 2001 order, the court noted that J.W. admitted during trial that "she recanted the allegations one year after she made them, but she stated that her mother

and sister were putting pressure on her to recant because they told her she was destroying the family." (Exhibit C, pg. 1)  The court held that following in its March 14, 2003 order affirming the trial court's dismissal of Walker's petition:

> As for the Brady claim, Walker argues that the State improperly suppressed the fact that the victim had recanted her allegations of rape and sodomy to several people before the trial, including her attorney, her then-boyfriend, her younger sister, her counselor at a group home where she was placed after being removed from her parents' custody, investigators with the Department of Human Resources, and the district attorney prosecuting the case.  In his brief, Walker concedes that his trial counsel, in fact, knew about the recantations before the trial; he argues that "[w]hile it may be true that prior counsel for Walker was fortunate enough to discover on his own that [the victim] had recanted her story to other individuals, such fortune does not eliminate the taint of the actions of the State." (Walker's appellate brief at p. 19.)  However, contrary to Walker's contention, "[t]here can be no suppression by the State of evidence already known by and available to the defendant prior to trial." Carr v. State, 505 So. 2d 1294, 1397 (Ala. Crim. App. 1987).  In addition to Walker's concession on appeal, at the Rule 32 hearing, Walker's trial counsel testified that he knew that the victim had recanted her allegations to various people before trial, that he could not recall whether the district attorney had informed him that the victim had recanted to the district attorney personally, but that he had discussed the other recantations with the district attorney before trial.  The record of Walker's direct appeal reflects that the victim testified, on direct examination by the district attorney, that she had told several people, including her "counselors . . . the DA, the Judge, [and] lawyers" that her initial allegations against her father were not true, and that Walker's trial counsel vigorously cross-examined her about those recantations. (Record on Direct Appeal, 31.)  Because Walker clearly knew about the

> recantations, there was no suppression and, thus, no <u>Brady</u> violation.

(Exhibit I, pg. 2)

6. Walker's assertion in his motion currently before this Court that the prosecutor improperly withheld evidence of the victim's recantation of her accusation is clearly meritless. Walker and his attorney knew of the victim's recantations before trial, and, in fact, Walker's counsel thoroughly cross-examined the victim, questioning her credibility. It was, however, the jury's duty to evaluate the evidence presented at trial, weighing the credibility of the witness.

7. Walker also contends that because he "has not had continuous representation" and Walker has "sometimes go[ne] forward pro se with no understanding as to time frame, it would be a miscarriage of justice not to equitably toll the §2244(d) period of limitations. The United States Supreme Court held in <u>Irwin v. Dept. of Veterans Affairs</u>, 498 U.S. 89, 96 (1990) that the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." Attorney "negligence" or "miscalculation" also would not be a basis for the tolling of the §2244(d) period of limitations. <u>Steed</u>, 219 F.3d at 1300. The period of limitations is Walker's case is, therefore, not subject to equitable tolling based on his

contention that he was ignorant of the "time frame" or his attorneys were negligent in failing to file a timely petition.

8. Because Walker has failed to provide proper evidence in support of his claim that he is actually innocent, the §2244(d) period of limitations is not due to be equitably tolled. Walker's motion to set aside the period of limitations is due to be dismissed, and, accordingly, Walker's federal habeas petition is time-barred.

## CONCLUSION

Based on the foregoing, this motion to set aside the period of limitation is due to be denied.

                          Respectfully submitted,

                          s/Elizabeth Ray Butler (BUT031)
                          Elizabeth Ray Butler (BUT031)
                          Office of the Attorney General
                          Alabama State House
                          11 South Union
                          Montgomery, AL 36130-0152
                          Telephone: (334) 242-7300
                          Fax: (334) 242-2848
                          E-Mail: Ebutler@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>4th</u> day of April, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: <u>Lindsay B. Erwin, Attorney for Petitioner, 101 Brisstol Lane, Birmingham, Alabama 35242.</u>

    Respectfully submitted,

    s/Elizabeth Ray Butler (BUT031)
    Elizabeth Ray Butler (BUT031)
    Office of the Attorney General
    Alabama State House
    11 South Union
    Montgomery, AL  36130-0152
    Telephone: (334) 242-7300
    Fax: (334) 242-2848
    E-Mail: Ebutler@ago.state.al.us

#195111