IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES WILBERT WALKER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-1051-N |
| | ) |
| BILLY MITCHEM, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on January 27, 2005 by counsel on behalf of James Wilbert Walker, Jr. ["Walker"]. In this petition, Walker, a state inmate, challenges convictions for second degree rape and second degree sodomy entered against him by the Circuit Court of Chilton County, Alabama on December 13, 1999. These convictions became final by operation of law on November 29, 2001.

The respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] In addition to their argument that the instant petition is time barred, the respondents further argue that the present habeas corpus petition is due to be

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

denied because the claim raised therein provides no basis for relief because the state courts properly adjudicated Walker's claim on the merits. *See Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 1495, 1518- 1523 (2000). As support for this assertion, the respondents maintain that the decisions issued by the state courts in the Rule 32 action addressing Walker's claim that the prosecutor withheld favorable evidence sentence were not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented to the state courts.

## I. Statute of Limitations

The respondents contend that because Walker's rape and sodomy convictions became final in 2001 -- **after** the effective date of the statute of limitations -- Walker must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition related to the federal habeas claims was pending in the state courts. The respondents concede that Walker filed a state post-conviction petition which tolled the limitation period.[1] However, they maintain that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition the limitation period expired prior to Walker filing his federal habeas petition. *Respondents' Answer* at 6-10; *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001).

---

[1] Walker, through counsel, filed the Rule 32 petition on January 23, 2002.

2

Upon review of the pleadings filed by the parties and applicable federal law, it appears that Walker's § 2254 petition is precluded from review by this court as it was filed outside the one-year period of limitation.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires. The petitioner was convicted on counts of second degree rape and second degree sodomy by the Circuit Court of Chilton County, Alabama on December 13, 1999. He filed a direct appeal of these convictions and the Alabama Court of Criminal Appeals affirmed these convictions on April 20, 2001. The appellate court denied his application for rehearing. Walker subsequently filed a petition for writ of certiorari with the Alabama Supreme Court. The Supreme Court denied this petition and the Alabama Court of Criminal Appeals issued the certificate of judgment affirming Walker's convictions on August 31, 2001. The petitioner did not further appeal his rape and sodomy convictions. Consequently, these convictions became final on November 29, 2001 -- ninety (90) days after entry of the certificate of judgment -- as this is the date on which the time expired for Walker to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C.§

2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 54 days after Walker's convictions became final until his filing of a Rule 32 petition in the Circuit Court of Chilton County on January 23, 2002. The trial court dismissed the Rule 32 petition on September 2, 2002. Walker appealed this ruling and the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of the petition on March 14, 2003. The appellate court overruled Walker's application for rehearing. On August 15, 2003, Walker filed a petition for writ of certiorari with the Alabama Supreme Court which the court denied and the Alabama Court of Criminal Appeals issued the certificate of judgment rendering final resolution of this action in the state courts. Thus, the Rule 32 petition remained pending in the state courts until August 15, 2003. At such time, Walker had 311 days remaining within which to timely file claims in a federal habeas petition. The time for filing a petition for writ of habeas corpus therefore expired on June 22, 2004. However, Walker did not file his federal

4

habeas petition until January 27, 2005, over seven months after expiration of the limitation period.

    The court has thoroughly reviewed the responses filed by Walker to the answer of the respondents. Walker fails to establish his actual innocence of the crimes for which he was convicted and merely reiterates evidence presented to and rejected by the court during his trial. Specifically, Walker continues to rely on the victim's recantation of her accusations, an argument thoroughly addressed by counsel during his cross-examination of the victim and considered by the trial judge prior to his determinations of guilt. *See Schlup v. Delo*, 513 U.S. 298, 324 ("To be credible, . . . a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.); *Bousley v. United States,* 523 U.S. 614, 623-624 (1998)("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)."). With respect to Walker's claim that the court should ignore the untimeliness of this petition and allow an equitable tolling of the limitation period due to errors of counsel, such claim likewise provides no basis for relief. *See Johnson v. Hendricks*, 314 F.3d 159, 163 (3rd Cir. 2002); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Fahy v. Horn*, 240 F.3d 239, 244 (3rd Cir.), *cert. denied*, 534 U.S. 944, 122 S.Ct. 323, 151

L.Ed.2d 241 (2001); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2nd Cir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 330-331 (4th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999).  To the extent Walker relies on his misunderstanding the law, this claim also fails to warrant equitable tolling. *Merritt v. Blaine*, 326 F.3d 157, 170 (3rd Cir. 2003); *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001); *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002); *Pfeil v. Everett*, 9 Fed.Appx. 973 (10th Cir.), *cert. denied*, 534 U.S. 1032, 122 S.Ct. 572, 151 L.Ed.2d 445 (2001); *Jones v. Morton*, 195 F.3d 153, 160 (3rd Cir. 1999);    *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997);  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001).

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Walker filing the instant habeas petition under § 2254.  Accordingly, it is

ORDERED that on or before December 14, 2005 the petitioner may file a response addressing why his federal habeas petition should not be dismissed as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

## II.  28 U.S.C. § 2254(d)(1)

The respondents maintain that Walker's claim for relief has been properly adjudicated on the merits by the state courts during the Rule 32 proceedings.  Title 28 U.S.C. § 2254(d)(1) places new constraints on the power of a federal district court to grant

a state prisoner's application for habeas corpus relief. The statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-405, 120 S.Ct. at 1519. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Thus, it is

ORDERED that on or before December 14, 2005 the petitioner may file a response addressing the denial of his claim by the state courts.

DONE, this 30th day of November, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE