IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES WILBERT WALKER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-1051-T |
| | ) |
| BILLY MITCHEM, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## ORDER

Upon review of the file in this case, and for good cause, it is

ORDERED that the attached pages of the November 30, 2005 order (Court Doc. No. 16), be and are hereby SUBSTITUTED for pages 2 and 3 of such order to reflect that the convictions challenged by the petitioner in the instant petition are convictions imposed for second degree rape and second degree sodomy.

DONE, this 19th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

denied because the claim raised therein provides no basis for relief because the state courts properly adjudicated Walker's claim on the merits. *See Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 1495, 1518- 1523 (2000). As support for this assertion, the respondents maintain that the decisions issued by the state courts in the Rule 32 action addressing Walker's claim that the prosecutor withheld favorable evidence sentence were not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented to the state courts.

## I. Statute of Limitations

The respondents contend that because Walker's rape and sodomy convictions became final in 2001 -- **after** the effective date of the statute of limitations -- Walker must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition related to the federal habeas claims was pending in the state courts. The respondents concede that Walker filed a state post-conviction petition which tolled the limitation period.[1] However, they maintain that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition the limitation period expired prior to Walker filing his federal habeas petition. *Respondents' Answer* at 6-10; *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001).

---

[1] Walker, through counsel, filed the Rule 32 petition on January 23, 2002.

Upon review of the pleadings filed by the parties and applicable federal law, it appears that Walker's § 2254 petition is precluded from review by this court as it was filed outside the one-year period of limitation.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires. The petitioner was convicted on counts of second degree rape and second degree sodomy by the Circuit Court of Chilton County, Alabama on December 13, 1999. He filed a direct appeal of these convictions and the Alabama Court of Criminal Appeals affirmed these convictions on April 20, 2001. The appellate court denied his application for rehearing. Walker subsequently filed a petition for writ of certiorari with the Alabama Supreme Court. The Supreme Court denied this petition and the Alabama Court of Criminal Appeals issued the certificate of judgment affirming Walker's convictions on August 31, 2001. The petitioner did not further appeal his rape and sodomy convictions. Consequently, these convictions became final on November 29, 2001 -- ninety (90) days after entry of the certificate of judgment -- as this is the date on which the time expired for Walker to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C.§