IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES WILBERT WALKER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  2:05-CV-1051-N |
| | ) | |
| BILLY MITCHEM, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### PETITIONER'S RESPONSE

COMES NOW, Petitioner, James Wilbert Walker, Jr., and responds to this Court's Order

of the 30th of November, 2005, and in support of said response, Petitioner states as follows:

### PROCEDURAL BACKGROUND

Petitioner filed an Ala. R. Crim. P. Rule 32 petition with the Chilton County Circuit

Court on the 23rd of January, 2002, citing that his conviction was in violation of his due process

constitutional rights because not only had the alleged victim recanted her story on several

occasions, but that the prosecutor, Jennifer Jordan, threatened the possibility of perjury if the

victim changed her "story" during trial.

On the 27th of June, 2002 the Chilton County Circuit Court held an evidentiary hearing.

At that time, the victim testified that she had originally lied and that Petitioner DID NOT commit

the acts for which he was convicted.  Other witnesses came forward, including the Guardian ad

Litem, confirming the fact that the victim had recanted her story on several occasions.   The

Petitioner passed a polygraph examination conducted by a licensed professional.  During the

proceedings the Prosecutor, Jennifer Jordan, was continually accused of threatening perjury

against the victim if she did not claim the Petitioner had committed such acts against her.

Page 2, Response
Walker v. Mitchem, Civil Action No.: 2:05-CV-1051-N

**ARGUMENT**

I.    PETITIONER'S HABEAS PETITION IS DUE TO BE EQUITABLY TOLLED
DUE TO FUNDAMENTAL JUSTICE AND IN RESPONSE TO THE INJUSTICES
RESULTING FROM THE LOWER COURTS' INEQUITABLE CONDUCT.

The justice in denying equitable tolling of a statute of limitations is to "prevent loss of evidence, fading of witnesses' memories, and the disappearance of witnesses." *Justice v. U.S.*, 6 F.3d 1474, 1479 (1993).  "On the other hand, these concerns may be outweighed when the interest of justice require that a Plaintiff's rights be vindicated." Id.

On the present issue, the evidence of the Petitioner's innocence is overwhelmingly apparent.  The victim and only witness to the charges admitted that her story was a lie. [R. 27, 29-30].  The victim stated her lies to the pastor of the foster home she was placed in and her reasoning for such lies. [C. 15; R. 26].  The victim made her Guardian Ad Litem aware of the falsehood of the story against the Petitioner, in which the Guardian Ad Litem immediately notified the Court. [C. 15; R. 37, 53-54].  Finally, the victim made the Prosecutor aware of her recantation and later signed an affidavit accusing the Prosecutor of threatening her with perjury if she now changed her story. [C. 15; R.37-38].

The Prosecutor, Jennifer Jordan, has not once come forward and been made to answer for her own misconduct of justice.  During the Rule 32 Petition, the Prosecutor did not even feel necessary to account for her actions nor the claims made against her.  The egregious conduct on the part of the Prosecutor in her role to promote justice and fairness to all has not been addressed by any of the lower Courts nor has this egregious conduct been answered for.  Rather than showing concern for the victim or bothering to investigate the recantation, Prosecutor Jennifer Jordan bluntly informed the victim that she stay with her allegations of abuse or she would be prosecuted for perjury. [C. 15; R. 37-38].

Page 3, Response
Walker v. Mitchem, Civil Action No.: 2:05-CV-1051-N

The Petitioner took upon his own hands to seek justice within the Court system with due diligence. Not only did he work on his case pro se, but continued on his limited knowledge of our judicial system. Not until Petitioner assumed his appeals were exhausted was Petitioner's current counsel contacted in an effort to seek relief. Petitioner should not be further punished on his own inadequate knowledge of the judicial process, but his rights should be vindicated despite the time limitations.

WHEREFORE, PREMISES CONSIDERED, in regards to due justice, Petitioner respectfully moves this Honorable Court to grant an equitable toll of the Statute of Limitations in an effort to correct the Petitioner's rights. At present, there is no loss of evidence (no physical evidence was entered at trial, only the testimony of the victim) or a disappearance of witnesses, but instead a great injustice has been done to the Petitioner. This injustice against the Petitioner's civil liberties and civil rights is greatly outweighed by any injustice against the Respondent. The statute of limitations is due to be equitably tolled and the Petitioner's Writ of Habeas Corpus is due to be granted on the grounds that the Petitioner's rights shall be vindicated and the evidence of recantation shall be properly adjudicated.

Respectfully submitted on this the 1st day of February, 2006.


    s/ Lindsay B. Erwin
    Lindsay B. Erwin, (ERW005)
    Attorney for Petitioner
    101 Brisstol Lane
    Birmingham, Alabama  35242

Page 4, Response
Walker v. Mitchem, Civil Action No.: 2:05-CV-1051-N

<u>Certificate of Service</u>

     I hereby certify that on this 1st day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have electronically sent a copy of the foregoing Motion to the following CM/ECF participant:

Ms. Elizabeth Ray Butler, Esq.
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama  36130
Ebutler@ago.state.al.us

                                     ___s/ Lindsay B. Erwin_____
                                     Lindsay B. Erwin, (ERW005)