IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES WILBERT WALKER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-1051-MHT |
| | ) [WO] |
| | ) |
| BILLY MITCHEM, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on January 27, 2005 by counsel on behalf of James Wilbert Walker, Jr. ["Walker"], a state inmate.[1] In this petition, Walker challenges convictions for second degree rape and second degree sodomy entered against him by the Circuit Court of Chilton County, Alabama on December 13, 1999.[2] Specifically, Walker maintains that these convictions were obtained by the unconstitutional failure of the prosecution to disclose favorable evidence regarding the victim's recantations of her allegations against him. Walker's rape and sodomy convictions became final by operation of law on November 29, 2001.

In accordance with the orders of this court, the respondents filed an answer in which

---

[1] Counsel initially filed the habeas petition in the United States District Court for the Northern District of Alabama. Such court transferred the petition to this court on November 1, 2005.

[2] The victim is Walker's biological daughter.

they argue that Walker's federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions.[3] The respondents contend that because Walker's rape and sodomy convictions became final in 2001 -- after the effective date of the statute of limitations -- Walker must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition related to the convictions remained pending in the state courts. The respondents concede that Walker filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, which tolled the limitation period.[4] However, the respondents maintain that even allowing tolling of the federal limitation period during the pendency of the Rule 32 petition the limitation period expired prior to Walker filing this federal habeas petition. *Respondents' Answer* at 6-10; *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ( statutory tolling allowed only for the time during which a properly filed state post-conviction action is pending).[5]

---

[3] Title 28 U.S.C. § 2244(d)(1) sets forth the one-year period of limitation. This section is contained within the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which became effective on April 24, 1996.

[4] Walker, through counsel, filed the Rule 32 petition on January 23, 2002 and counsel represented Walker continuously throughout the Rule 32 proceedings. Walker properly exhausted this petition in the state courts and final resolution of such petition occurred upon issuance of the certificate of judgement on August 15, 2003.

[5] The respondents further argue that the instant petition is likewise due to be denied because the state courts properly adjudicated the merits of the claim raised herein. *Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 1495, 1518-1523 (2000). As support for this assertion, the respondents contend that the decisions issued in the Rule 32 action addressing Walker's claim challenging the prosecutor's alleged withholding of favorable evidence involving various recantations by the victim were not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented to the state courts.

Based on the limitation argument set forth by the respondents, the court entered an order advising Walker he had failed to file his § 2254 petition within the one-year period of limitation established by 28 U.S.C. § 2244(d)(1). *Order of November 30, 2005 - Court Doc. No. 16-2* at 2-6. This order also allowed Walker an opportunity to show cause why his federal habeas petition should not be barred from review by this court as untimely filed. *Id*. at 6. In response to this order and in previously filed documents, Walker contends this court should ignore the untimeliness of his petition because failure to address the merits of his claims will result in a fundamental miscarriage of justice as he is actually innocent of the crimes for which he was convicted. Walker, as he did in the state courts, bases his claim of innocence on the victim's recantations of her allegations against him. Walker further alleges he "passed a polygraph examination conducted by a licensed professional" the results of which indicate his innocence in this matter. *Petitioner's February 1, 2006 Response to Answer - Court Doc. No. 23* at 1. Additionally, Walker argues this court should allow equitable tolling of the limitation period due to his limited knowledge of the law, the injustices committed by the state courts in denying relief on his recantation claims and the improper conduct of the prosecutor during the state court proceedings. Walker also appears to argue equitable tolling is warranted for any errors counsel may have committed in filing this federal habeas petition.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule

8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Walker failed to file the petition within the applicable one-year period of limitation.

## II. DISCUSSION

### A. Fundamental Miscarriage of Justice - Actual Innocence

This court must determine whether Walker has made a showing of actual innocence before addressing the respondents' assertion that the claim for federal habeas relief is barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup*

4

observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

Walker's allegation of actual innocence based on recantations by the victim is neither new nor reliable evidence. By his own admission and as is clear from the state court record, the evidence of the victim's recantations presented to this court is the same evidence on which Walker relied during his bench trial and in the Rule 32 proceeding.[6] The polygraph examination results likewise fail to present evidence which is new and reliable. Under Alabama law, results of polygraph examinations are not admissible in a

---

[6] At the bench trial, the court heard testimony from the victim in which she both acknowledged her recantations of the allegations and maintained the truthfulness of her initial allegations. Walker also provided testimony on his own behalf in which he adamantly denied any sexual abuse of his daughter. After hearing all the evidence, the trial judge found Walker guilty of second degree rape and second degree sodomy. "In his [Rule 32 appellate] brief, Walker concedes that his trial counsel, in fact, knew about the recantations before the trial.... In addition to Walker's concession on appeal, at the Rule 32 hearing, Walker's trial counsel testified that he knew that the victim had recanted her allegations to various people before trial, that he could not recall whether the district attorney had informed him that the victim had recanted to the district attorney personally, but that he had discussed the other recantations with the district attorney before trial. The record of Walker's direct appeal reflects that the victim testified, on direct examination by the district attorney, that she had told several people, including her "counselors ... the DA, the Judge, [and] lawyers" that her initial allegations against her father were not true, and that Walker's trial counsel vigorously cross-examined her about those recantations. Because Walker clearly knew about the recantations, there was no suppression and, thus, no Brady violation." *Respondents' Exhibit I - Court Doc. No. 6-8* at 2 (citation to record omitted)..

criminal proceeding. *See Hinton v. State*, 548 So.2d 562 (Ala.), *cert. denied*, 493 U.S. 969, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989); *see also M.R.D. v. T. D*, ____ So.2d ____, 2008 WL 203761 (Ala. Civ. App. 2008) ("Ordinarily, the results of a polygraph examination are not admissible because 'the reliability of polygraph examinations have not been sufficiently established.' *Smith v. State*, 698 So.2d 189, 211 (Ala. Crim. App. 1996)."). Moreover, "there is simply no consensus that polygraph evidence is reliable. To this day, the scientific community remains extremely polarized about the reliability of polygraph techniques." *United States v. Scheffer*, 523 U.S. 303, 309, 118 S.Ct. 1261, 1265 (1998). "Whatever their approach, state and federal courts continue to express doubt about whether such evidence is reliable.... Although the degree of reliability of polygraph evidence may depend upon a variety of identifiable factors, there is simply no way to know in a particular case whether a polygraph examiner's conclusion is accurate, because certain doubts and uncertainties plague even the best polygraph exams." 523 U.S. at 312, 118 S.Ct. at 1266. *Scheffer* makes it clear that there is no federal constitutional right to the admission of polygraph evidence as the reliability of such evidence is, at best, dubious. 523 U.S. at 307-311, 118 S.Ct. at 1264-1266. Thus, the polygraph results advocated by Walker do not constitute reliable evidence of his innocence. Additionally, the polygraph examination results were available to Walker at the time of his trial and, upon his request for admission of the results into evidence, the trial court, in accordance with Alabama law, denied the request. *Respondents' Exhibit M (Walker's Petition for Writ of Certiorari on Appeal from Denial*

*of the Rule 32 Petition) - Court Doc. No. 5-12* at 16. Thus, the results of this examination alledgedly showing petitioner's truthfulness in denying he committed sexual offenses against his daughter are not newly discovered evidence within the meaning of *Schlup*. Finally, the results of the polygraph examination are merely corroborative of Walker's trial testimony that he never sexually abused his daughter and, as such, are not dispositive of his claim of actual innocence.[7] *See Lucas v. Johnson*, 132 F.3d 1069, 1076 (5th Cir. 1998).

In light of the foregoing, the court concludes Walker has submitted no "new reliable evidence" to support his assertion of actual innocence nor has he suggested that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. The petition for writ of habeas corpus is therefore properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

### B. The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 amended the habeas corpus statute to include a one-year period of limitation on petitions of state inmates filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of

---

[7]The record before the court reveals that "'Walker testified on his own behalf. He positively denied ever abusing [his daughter].'" *Respondents' Exhibit M (Walker's Petition for Writ of Certiorari on Appeal from Denial of the Rule 32 Petition) - Court Doc. No. 5-12* at 15.

>habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United*

*States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

After a bench trial, the Circuit Court of Chilton County convicted Walker on two counts of second degree rape and one count of second degree sodomy. The trial court imposed sentence upon Walker on April 15, 2000. Walker filed a direct appeal challenging these convictions and the Alabama Court of Criminal Appeals issued a memorandum opinion affirming such convictions on April 20, 2001. *Respondents' Exhibit C - Court Doc. No. 5-3*. Walker subsequently filed a petition for writ of certiorari with the Alabama Supreme Court which the court denied on August 31, 2001. *Respondent's Exhibit D - Court Doc. No. 5-4*. The Alabama Court of Criminal Appeals therefore issued the certificate of judgment on this same date. *Respondents' Exhibit E - Court Doc. No. 5-5*. Walker did not further appeal his convictions for rape and sodomy. Consequently, these convictions became final on November 29, 2001 -- ninety (90) days after the Alabama Supreme Court's entry of judgment affirming the conviction -- as this is the date on which the time expired for Walker to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001). The one-year period of limitation contained in section

9

2244(d)(1)(A) therefore began to run on this date.

    **1. Statutory Tolling of the Limitation Period**. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 54 days after Walker's rape and sodomy convictions became final until the filing of a Rule 32 petition in the Circuit Court of Chilton County on January 23, 2002. *Respondents' Exhibit F - Court Doc. No. 25-2* at 5. The trial court conducted an evidentiary hearing on this petition and thereafter issued an order denying Walker's request for post-conviction relief on September 2, 2002. *Id*. at 23. This petition remained pending in the state courts until August 15, 2003 upon issuance of the certificate of judgment on appeal affirming the denial of the post-conviction petition. *See Respondents' Exhibit O - Court Doc. No. 5-14* and *Respondents' Exhibit P - Court Doc. No. 5-15*. Thus, as of the aforementioned date, the petitioner had 311 days of the applicable limitation period remaining within which to file a federal habeas petition. In the absence of equitable tolling of the limitation period, the time allowed Walker for filing a federal habeas petition would expire on June 22, 2004.

    **2. Equitable Tolling of the Limitation Period**. Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both

beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002) .

  Walker argues equitable tolling is justified because: (i) he has limited knowledge of the law; (ii) habeas counsel may have contributed to the delay in filing the instant federal petition; (iii) the state courts failed to grant relief on the claims presented by petitioner; and (iv) the prosecutor acted improperly in proceedings before the trial court. Under applicable federal law, however, none of these arguments entitles Walker to equitable tolling of the one-year period of limitation.

  Walker maintains that his limited legal knowledge establishes a basis for equitable tolling. This assertion is without merit as an inmate's lack of legal knowledge, his failure

11

to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a pro se inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's pro se status throughout most of the period of limitation does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

With respect to Walker's reliance on potential errors of habeas counsel as a basis for

equitable tolling, this assertion fails to merit such tolling. The law is well settled that an attorney's mistakes in filing a federal habeas petition do not constitute extraordinary circumstances for purposes of equitable tolling. *Johnson v. Hendricks*, 314 F.3d 159, 163 (3rd Cir. 2002); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) (misrepresentations by potential collateral counsel did not constitute extraordinary circumstances requiring equitable tolling); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (mistake or error by habeas counsel does not trigger equitable tolling); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2nd Cir. 2001), *cert. denied*, 535 U.S. 1017, 122 S.Ct. 1606, 152 L.Ed.2d 621 (2002) ("[A]ttorney error inadequate to create the 'extraordinary' circumstances equitable tolling requires."); *Helton*, 259 F.3d at 1313 (collateral counsel's improper advice as to when one year period of limitation began to run did not justify equitable tolling); *Fahy v. Horn*, 240 F.3d 239, 244 (3rd Cir.), *cert. denied*, 534 U.S. 944, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001) ("In non-capital cases, attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); *Steed*, 219 F.3d at 1300 ("[A]ttorney's miscalculation of the limitations period or mistake [in interpreting the statute] is not a basis for equitable tolling ... [as neither action] constitute[s] an extraordinary circumstance sufficient to warrant equitable tolling."); *Kreutzer*, 231 F.3d at 463 ("[C]ounsel's confusion about the applicable statute of limitations does not warrant equitable tolling."); *Harris v. Hutchinson*, 209 F.3d 325, 330-331 (4th Cir. 2000) (lawyer's innocent mistake in misreading statutory provision does not

13

"constitute[] that 'extraordinary circumstance' external to [petitioner] that would justify equitable tolling."); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) ("[U]nder no tenable view of the [equitable tolling] doctrine did the lawyer's mistake toll the one-year deadline.").

To the extent Walker alleges that adverse rulings issued by the state courts and conduct of the prosecutor justify equitable tolling, he is likewise entitled to no relief as the actions about which he complains fail to establish any impediment to the filing of a timely habeas petition in this court. Consequently, Walker has failed to set forth any circumstance which warrants equitable tolling of the one-year period of limitation mandated by federal law.

**3. Expiration of the Limitation Period**. Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on June 22, 2004. Walker filed the instant federal habeas petition on January 27, 2005, over seven months after expiration of the limitation period. Walker has failed to demonstrate that this petition should not be dismissed as untimely filed.[8]

---

[8] Walker litigated the claim presently before this court, i.e., that the prosecution failed to disclose favorable evidence regarding the victim's recantations of her allegations, in his Rule 32 action. The Circuit Court of Chilton County, after conducting an evidentiary hearing on this issue, denied Walker's request for post-conviction relief. *Respondents' Exhibit F - Court Doc. No. 25-2* at 5. On appeal from the denial of his Rule 32 petition, the Alabama Court of Criminal Appeals, in a memorandum opinion, again denied Walker relief on his claim challenging the prosecution's alleged failure to provide him with favorable evidence. *Respondents' Exhibit I - Court Doc. No. 6-8* at 2-3. The relevant portion of this opinion reads as follows:

> As for the Brady claim, Walker argues that the State improperly suppressed the fact that the victim had recanted her allegations of rape and sodomy to several people before the trial, including her attorney [appointed by the Chiton County Juvenile Court as Guardian ad Litem], her then-boyfriend, her younger sister, her counselor at a group home where she was placed after

> being removed from her parents' custody, investigators with the Department of Human Resources, and the district attorney prosecuting the case. In his brief, Walker concedes that his trial counsel, in fact, knew about the recantations before the trial; he argues that "[w]hile it may be true that prior counsel for Walker was fortunate enough to discover on his own that [the victim] had recanted her story to other individuals, such fortune does not eliminate the taint of the actions of the State." However, contrary to Walker's contention, "[t]here can be no suppression by the State of evidence already known by and available to the defendant prior to trial." Carr v. State, 505 So.2d 1294, 1297 (Ala. Crim. App. 1987). In addition to Walker's concession on appeal, at the Rule 32 hearing, Walker's trial counsel testified that he knew that the victim had recanted her allegations to various people before trial, that he could not recall whether the district attorney had informed him that the victim had recanted to the district attorney personally, but that he had discussed the other recantations with the district attorney before trial. The record of Walker's direct appeal reflects that the victim testified, on direct examination by the district attorney, that she had told several people, including her "counselors, ... the DA, the Judge, [and] lawyers" that her initial allegations against her father were not true, and that Walker's trial counsel vigorously cross-examined her about those recantations. Because Walker clearly knew about the recantations, there was no suppression and, thus, no Brady violation. Moreover, with respect to the letter the victim wrote to her boyfriend before trial in which she recanted, the record from Walker's direct appeal reflects that Walker raised this particular claim at trial and on direct appeal; the claim was decided adversely to him because he had possession of the letter before trial [and before the district attorney of Chilton County as he obtained the letter from the Shelby County district attorney's office where it was contained in a criminal case file of the victim's boyfriend.]...

*Respondents' Exhibit I - Court Doc. No. 6-8* at 2-3 (citations to brief and record omitted).

Thus, even if this claim were properly before this court for review, such review would be severely limited by the directives of 28 U.S.C. § 2254(d)(1) and (2). Under these sections, habeas relief is appropriate only when a petitioner demonstrates "that a decision by a state court is 'contrary to' ... clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price v. Vincent*, 538 U.S. 634, 640, 123 S.Ct. 1848, 1853 (2003). Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams,* [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"). A federal court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." 529 U.S. at 411, 120 S.Ct. at 1522. Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than

15

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by James Wilbert Walker, Jr. be denied as Walker failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before April 10, 2008 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

---

through the lens of § 2254(d)." *Price*, 538 U.S. at 639, 123 S.Ct. at 1852. The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)...." 538 U.S. at 636, 123 S.Ct. at 1851.

In light of the foregoing and assuming *arguendo* that Walker's claim regarding disclosure of the victim's various recantations warrants federal review, this claim would not entitle Walker to relief as the state courts properly adjudicated the claim on the merits. Specifically, the decision of the Alabama Court of Criminal Appeals was not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented to the state courts.

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 28th day of March, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE